43772. ANDERSON et al., Administrators v. DEPARTMENT OF FAMILY AND CHILDREN SERVICES.

JORDAN, Presiding Judge. After the death of a recipient of old age assistance, $6,000 in cash was found in her living quarters and is now held by the administrators of her estate. During the period 1953-1966 the deceased received $10,470 in benefits. The Department of Family and Children Services, acting pursuant to Sec. 13 of the Public Assistance Act of 1965 (Ga. L. 1965, pp. 385, 391; *Code Ann.* § 99-2912) is seeking recovery from the estate, alleging that each year, for the purpose of obtaining assistance, the recipient signed false statements showing she had no property or income, except in some years small amounts of money, the total for all years being $71.60. The statements purport to be sworn statements, but they are not notarized. In answering interrogatories submitted by the

plaintiff the administrators show as "unknown" the source of the $6,000 which they hold as an asset of the estate. In answering interrogatories submitted by the defendants, counsel for the plaintiff shows that each of the statements was made in the presence of and witnessed by a case worker, then and now employed by the plaintiff, who investigated the case, that the plaintiff would rely on the fact that the public assistance payments were only sufficient to meet the necessities of life, "and that during the time she was drawing old age assistance she had cash on hand and was receiving income which she fraudulently represented she did not have and was not receiving, and obtained public assistance from public funds based on these false representations." The trial judge denied the defendants' motion for summary judgment, and certified the ruling for review by direct appeal. The defendants, as the appellants, expressly limit their appeal to the determina- of a single issue of law: Are the statements admissible in evidence? *Held:*

1. The administrators contend that the statements are not admissible because the "dead man's statute" precludes their identity, proof of execution, or authentication, and this is met by the contention that the State of Georgia, and thus the Department of Family and Children Services, is not subject to the recognized exceptions precluding testimony against a dead man. The ultimate sentence of *Code* § 38-1603 expressly states that "There shall be no other exceptions allowed under the foregoing paragraphs." The courts have strictly construed the exceptions, refusing to extend application to situations not clearly within an exception. *Dean v. Dean,* 13 Ga. App. 798 (80 SE 25); *Eley v. Reese,* 171 Ga. 212, 213 (155 SE 24). *Code* § 38-1603 (1) expressly precludes the "opposite party" from testifying in his own favor against the personal representative of a deceased person in respect to transactions or communications with the deceased person, but in the context there used the term "opposite party" necessarily refers to a natural person who could otherwise be sworn and testify, and not to an artificial person or party. *Code* § 38-1603 (3) precludes the officers or agents of a corporation from testifying against the personal representative of a deceased, in a case instituted or defended by the corporation against the representative, but the plaintiff here is not a corporation. If the plaintiff, as an agency of the State, ex-

pressly authorized by statute to prosecute the present action (see Ga. L. 1965, pp. 385, 391; *Code Ann.* § 99-2912), is in reality the State itself, the State would not be bound by any exception under *Code* § 38-1603, "unless named therein, or unless the words of the Act should be so plain, clear and unmistakable as to leave no doubt as to the intention of the legislature." *Code* § 102-109. If there be doubt, it will be resolved in favor of the State. *Lingo v. Harris*, 73 Ga. 28. In the cited case the principle was applied to a municipal corporation, and a fortiori it would apply to an executive department of the State, which is not a corporation in any accepted sense of the term. *Code* § 38-1603 (5) in effect precludes an agent or attorney at law of a party to a cause from testifying in favor of the party, if the party comes within an exception, but nothing appearing otherwise, as heretofore discussed, to bring the plaintiff within an exception, witnesses who are employees of the plaintiff are not excluded. Accordingly, under the record as submitted to this court, the "dead man's statute" does not preclude identification and proof of the execution of the statements allegedly made by the deceased by case workers employed by the plaintiff.

2. The administrator also contends that the statements are inadmissible as oaths, it not appearing that they were made in the presence of an officer authorized to administer an oath. This fact, if true, would not render the statements inadmissible, if they are otherwise properly identified and authenticated in any manner authorized by law, as, e.g., by direct proof, or as official records under *Code* § 38-601 or as business records under Ga. L. 1952, p. 177 (*Code Ann.* § 38-711).

3. While the defendants properly contend that if at least one essential element of recovery is shown to be incapable of proof, thus piercing the pleadings and eliminating a genuine issue of fact, they are entitled to summary judgment because the plaintiff cannot make out a case, they limit this contention solely to the asserted inability of the plaintiff to prove the statements allegedly made by the recipient of public assistance. For the reasons heretofore shown the statements appear to be capable of proof, and the trial court did not err in denying summary judgment for this reason.

*Judgment affirmed. Pannell and Deen, JJ., concur.*

Argued July 3, 1968—Decided September 4, 1968.

*Heard & Leverett, L. Clifford Adams, Jr.,* for appellants.
*Thomas H. Cooley,* for appellee.