46974. GEORGIA STATE BOARD OF PHARMACY v. BENNETT.

QUILLIAN, Judge. The State Board of Pharmacy brought charges against the appellee, a licensed pharmacist alleging that he had violated certain laws governing narcotics, dangerous and controlled drugs. A hearing was held before the board where the appellee was represented by counsel. After the conclusion of the hearing the board made its finding of fact and conclusions of law. Based upon its findings the board revoked the appellee's license to practice pharmacy. The appellee then filed a petition for review with the superior court pursuant to the Georgia Administrative Procedure Act. A hearing was held and the superior court reversed the board's decision revoking the appellee's license. The board filed an appeal and the case is here for review. *Held:*

1. The appellee contends that the State Board of Pharmacy is without authority of law to appeal to this court from an adverse judgment rendered by a superior court. With this contention we cannot agree. *Code Ann.* § 3A-120 (a) of the Georgia Administrative Procedure Act (Ga. L. 1964, pp. 338, 354) provides in part: "*Any person* who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review

under this Chapter." (Emphasis supplied.) *Code Ann.* § 3A-102 (e) (Ga. L. 1964, pp. 338, 341; 1965, pp. 283, 284-286) provides: "*'Person'* means any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character *other than an agency.*" (Emphasis supplied.)

The Act clearly gives the *person* the right to appeal to the superior court from the board's decision. What now remains to be decided is whether the board has the authority to appeal from an adverse judgment of the superior court. *Code Ann.* § 3A-121 (Ga. L. 1964, pp. 338, 356) provides: "*An aggrieved party* may obtain a review of any final judgment of the superior court under this Chapter by the Court of Appeals or the Supreme Court, as provided by law." (Emphasis supplied.) Thus it is clear that if the board is a *party* it may appeal to this court from the superior court. *Code Ann.* § 3A-102 (a) provides that an *"agency"* means a *state board. Code Ann.* § 3A-102 (d) provides: "'Party' means each person or *agency* named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." (Emphasis supplied.) Therefore, the board, being an agency which is also defined as a party, has the authority to appeal an adverse judgment of the superior court.

2. The appellee contends that there was insufficient evidence to support a portion of the board's finding of fact and therefore its order is void. Assuming but not deciding that all of the board's findings of fact were not supported by evidence, the evidence was sufficient to support the board's finding that the appellant had violated certain statutes regulating the filling of prescriptions .and dispensing of drugs. *Code Ann.* § 79A-408 (Ga. L. 1967, pp. 296, 312; 1969, p. 936) provides that the board shall be authorized to revoke the license where the holder thereof shall have violated any of the provisions of that title. Thus the board was authorized to revoke the appellant's license.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*

ARGUED MARCH 1, 1972—DECIDED APRIL 20, 1972—
REHEARING DENIED MAY 16, 1972—

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Robert J. Castellani, John W. Hinchey, Assistant Attorneys General,* for appellant.

*Wesley R. Asinof,* for appellee.