## 50006. DEPARTMENT OF CORRECTIONS v. HEMPHILL.

MARSHALL, Judge.

Hemphill was terminated from his employment as a correctional officer at the Georgia State Prison, Reidsville, Georgia. The reason specified by the Commissioner of the State Board of Corrections was: "Misconduct, unfitness to perform assigned duties, and conduct reflecting discredit on the department in that on or about December 6, 1973, you did without necessity or

justification strike an inmate with a nightstick, thereby violating Rule 125-2-5-.03, sections (a), (b), and (c) of the Rules of the State Board of Corrections."

A hearing was held before an officer of the State Personnel Board and the following decision by the personnel board was rendered: "After considerable discussion of the evidence submitted in the transcript of the hearing which was held in Reidsville on March 1, 1974, it was the board's decision to uphold your appeal."

The Department of Corrections petitioned the Superior Court of Fulton County for a writ of certiorari, the denial of which the department appeals.

The department contends that the superior court erred in denying its petition because the personnel board made no findings of fact nor conclusions of law. *Held:*

In *Hood v. Rice,* 120 Ga.App. 691 (172 SE2d 170), an Atlanta school teacher was discharged and neither the Atlanta nor the State Board of Education included findings of fact nor conclusions of law in their decision to uphold the dismissal. On appeal, this court held that the Administrative Procedure Act (Ga. L. 1964, pp. 338, 340; 1965, pp. 283, 284-286; Code Ann. § 3A-102) did not apply to either board and added: "Although special or detailed findings of fact and conclusions of law may be desirable in a case of this nature, their absence will not affect the validity of the determination of a quasi-judicial tribunal when not required by statute. [Cits.]" *Hood v. Rice,* 120 Ga. App. 691, 694, supra. Likewise, we note that the Administrative Procedure Act does not apply to the State Personnel Board. Code Ann. § 3A-102 (a). And we are aware of no other statute, rule or regulation that requires the personnel board to make specific findings and conclusions.

The department contends that even if findings are not specifically required, the failure of the personnel board to state its reasons for reinstating Hemphill "frustrates departmental administration and thwarts dismissal of inefficient and undesirable employees" and precludes effective judicial review. We agree that in certain cases a decision "to uphold your appeal," without stating the reasons therefor could lead to the results presaged by the department, and for those reasons, the

procedure is not desirable. However, in the absence of a showing that the form of the decision violates the law, we cannot say it is void or is not supported by the evidence. See *Georgia State Bd. of Pharmacy v. Bennett,* 126 Ga. App. 307 (2) (190 SE2d 788). Furthermore, in this case, the board's decision is sufficiently specific because in upholding Hemphill's appeal the board answered the only question presented to it by the evidence — did Hemphill strike the inmate "without necessity or justification?" — in the negative. See *Irvin v. Woodliff,* 125 Ga. App. 214 (4) (186 SE2d 792).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JANUARY 6, 1975 — DECIDED FEBRUARY 20, 1975.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, G. Thomas Davis, G. Stephen Parker, Assistant Attorneys General,* for appellant.

*Falligant, Doremus, Karsman, Kent & Toporek, Ogden Doremus, Michael C. Tower,* for appellee.