### 52774. ALLEN v. STATE PERSONNEL BOARD et al.

QUILLIAN, Presiding Judge.

This case arose when the appellant, an employee, was dismissed by the Georgia Department of Public Safety. The decision to discharge was upheld on a hearing by the Georgia State Personnel Board. The appellant filed a petition for writ of certiorari in the Fulton Superior Court which, after granting the writ, affirmed the decision of the Georgia State Personnel Board. Appeal was then taken to the Supreme Court which has transferred the case to this court.

Chronologically, the following facts appear from the record. On January 24, 1975, the appellant received from her supervisor an efficiency report which was listed as "unsatisfactory" as to all "rating elements" and was listed as "unsatisfactory" for the "summary rating." The appellant signed this report which stated "I have read this report and discussed it with my supervisor." This fact was also testified to by her supervisor. On that same day, the appellant was given a notice of her discharge effective February 7, 1975.

On January 27, 1975, the appellant was notified of her right to appeal by letter. On January 28, 1975, the appellant by letter requested a hearing before the merit board. This letter was answered on January 30, 1975.

On February 3, 1975, the appellant requested a list of charges resulting in her termination. On February 4, 1975, by letter the appellant was sent a list of the charges against her which were in part: "1. Excessive absenteeism without leave . . . 2. Failure to pay debts. . . 3. Unfitness to perform the duties of the position held." On February 25, 1975, the appellant was notified that her appeal was scheduled to be heard on March 10, 1975.

Although appellant and her counsel attended the hearing, they left a short time after it commenced and refused to participate therein on the basis that the appellant was not given an opportunity to present her case prior to the effective date of her termination by the Department of Public Safety. The hearing continued and evidence was introduced sufficient to justify the decision to terminate the appellant's employment.

In this court the appellant urges that she was not afforded her 14th Amendment right to a pre-termination notice and informal hearing and that also the termination and list of charges given her did not properly specify the reasons for her termination as required by law. *Held:*

1. We are cited Eley v. Morris, 390 FSupp. 913, which held that Rule 12.501.2 of the Georgia State Personnel Board was unconstitutional and that it failed to provide the necessary constitutional safeguards. We point out in our consideration of this case that we are in no way bound by the ruling of the federal district court as to the constitutionality of the regulation in question. Moreover,

in this case the regulation is not part of the record and we cannot take judicial notice of the same. Compare Code Ann. § 3A-102 (a) (Ga. L. 1964, pp. 338, 340; 1965, pp. 283, 284 — 286; 1975, pp. 404, 407), and Code Ann. § 3A-108 (Ga. L. 1949, p. 455). See *Dept. of Corrections v. Hemphill,* 134 Ga. App. 65 (213 SE2d 169).

Thus, the question for our determination is whether, after a post-termination hearing in which the matters have been thoroughly considered and evidence presented and in which the appellant refused to participate and in effect does not question the result of the hearing, the possible failure to carry out a pre-termination hearing will work a reversal. We hold that it does not.

Although we are not governed by the ruling of a federal district court, we are bound by the opinions of the United States Supreme Court. In this connection, we are cited Arnett v. Kennedy, 416 U. S. 134 (94 SC 1633, 40 LE2d 15). Our review of Arnett does not show it to be controlling in the case sub judice.

We are persuaded, although not controlled, by the language of the district court in the second Eley case. Eley v. Morris, — FSupp. (March 17, 1976), which pointed out that neither the district court "nor the Arnett Court explicitly or implicitly ruled that deficiencies in the pre-termination process require reinstatement even when those deficiencies, if any, are fully cured by adequate post-termination hearing and appeal procedures. As noted above, movants herein do not contend that their discharge was unconstitutional as a matter of substantive constitutional law, nor do they claim that the post-discharge hearing and appeal procedure was (or is) unconstitutional. Absent such a claim, coupled with adequate evidence to support the claimed constitutional deficiency, movants are not entitled to the relief they seek in the instant motion." See Davis v. Vandiver, 494 F2d 830, 832.

We find here that the appellant could not abjure the post-discharge hearing and make no showing that error occurred at that time and still attempt to rely on a failure by the employer to follow an adequate and constitutional procedural process in the pre-discharge proceedings. Therefore, under the circumstances of this case, we find no

basis for reversal of the post-discharge hearing because of the failure to conduct an informal hearing prior to termination.

2. There is no merit to appellant's argument with regard to the charges against her not being properly specific. The case cited by appellant, *Scott v. Undercofler*, 108 Ga. App. 460 (133 SE2d 444), contained the applicable regulations of the State Personnel Board. As previously pointed out, absent their appearance in the record, we cannot take judicial notice of such regulations. Appellant has therefore failed to show that the charges made against her were not specific as required by the applicable regulations. Moreover, in view of the ruling made in the first division of this opinion we find no ground for reversal on this basis.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED NOVEMBER 22, 1976 —
REHEARING DENIED DECEMBER 14, 1976.

*William J. Brennan, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, Andrew J. Ekonomou, Assistant Attorney General,* for appellees.