## 54369. CUMMINGS v. THE STATE.

BANKE, Judge.

The defendant appeals her conviction for fraud in obtaining public assistance in an amount less than $500.

The defendant was indicted for drawing $1,338 in welfare payments to which she was not entitled in the period from December 17, 1974, to December 19, 1975. The state alleged she never disclosed to the Bibb County Department of Family & Children Services that she had become employed and was receiving weekly wages. The defendant admitted she was employed during this time but denied that her caseworkers informed her of her duty under the law (Code Ann. § 99-2909) to notify the department once she acquired another source of income. The jury returned a (misdemeanor) verdict against the defendant for fraudulently receiving an amount less than $500 in welfare payments. The defendant now appeals the denial of her motion for new trial.

1. In her first three enumerations, the defendant alleges that the judgment was contrary to the law and to the evidence and was against the weight of the evidence. Our examination of the record shows there was ample evidence to support the jury's verdict; and we, therefore, find no error.

2. In the defendant's next two enumerations, she alleges that the trial judge erred in overruling her objections to the introduction of two writings purporting to be sworn when in fact there was no notary signature. The first document, dated November 7, 1974, was a property and income statement signed by the defendant truthfully reporting that she received no wages at that time. The second document was also a property and income statement filed as part of a 6-month eligibility check on May 13, 1975. The defendant signed the

document after indicating she was not receiving any wages, even though she had been continuously employed for approximately five months.

The judge did not commit error in receiving these documents into evidence. The fact that the sworn documents were not notarized did not render them inadmissible since they were otherwise properly authenticated. *Anderson v. Dept. of Family &c. Services,* 118 Ga. App. 318 (2) (163 SE2d 328) (1968). Also, the documents were not irrelevant as the defendant contends. The first document was relevant to prove the defendant's initial eligibility to receive payments, and the second was relevant to prove her intent to defraud the state by receiving payments for which she was no longer eligible.

3. In her last enumeration, the defendant alleges that it was error for the trial judge to permit a witness for the state to determine the amount of the state's overpayment to the defendant by answering a hypothetical question. She contends that use of a hypothetical question is proper only in civil cases.

The witness testified in her capacity as a welfare fraud reviewer and based her computations on the defendant's total wages for the designated period as previously presented into evidence by the defendant's employer. The defense attorney conducted a thorough cross and re-cross examination of the witness regarding the formula she used in calculating the total amount of overpayment and regarding factors she did or did not include in the calculations. Furthermore, the state's attorney carefully apprised the jury that the witness was basing her calculations on the testimony given by a prior witness and not on wage figures within her own knowledge. The trial judge did not err in admitting this witness' testimony in response to a properly formulated hypothetical question. See *Flanagan v. State,* 106 Ga. 109 (32 SE 80) (1898); *Eason v. State,* 217 Ga. 831 (3) (125 SE2d 488) (1962).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977 — REHEARING DENIED NOVEMBER 10, 1977 — ■

*Frank G. Wilson,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.