## 60669. DIX v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of welfare fraud in the amount of $10,842.

Appellant contends that the trial court erred in finding her guilty of a felony rather than a misdemeanor, because the state failed to prove that the amount of public assistance received was in excess of $500.

The case was tried without a jury. Evidence presented at trial consisted of applications for food stamps and AFDC signed by appellant, testimony by various employees of the Department of Family and Children Services regarding budgets done for appellant, testimony of appellant's employer, appellant's employment records, welfare and employment checks issued to appellant, food stamp coupons issued to appellant, and a listing of services provided to appellant by medicaid providers. Appellant objected to the introduction of evidence regarding budgets and applications for public assistance which allegedly were done in accordance with regulations governing the AFDC and food stamp programs, when such regulations were not admitted into evidence.

Code Ann. § 99-9904 provides: "Any person who by means of a false statement, failure to disclose information, or impersonation, or by other fraudulent device, obtains or attempts to obtain, or any person who knowingly or intentionally aids or abets such person in the obtaining or attempting to obtain, (1) any grant or payment of public assistance, food stamps, or medical assistance (medicaid) to which he is not entitled; (2) a larger amount of public assistance, food stamp allotment, or medical assistance (medicaid) than that to which he is entitled . . . shall be punished as for a misdemeanor unless the total amount of the value of public assistance, food stamps and medical assistance (medicaid) so obtained exceeds $500 in which event such person shall be punished as for a felony and sentenced from one to five years. In determining the amount of value of public assistance, food stamps and medical assistance obtained by false statement, failure to disclose information, or impersonation, or other fraudulent device, the total amount obtained during any uninterrupted period of time shall be treated as one continuing offense."

Eligibility for public assistance as well as the amount of public assistance a person is entitled to receive is determined in accordance with regulations established by the Department of Human Resources and approved by the Commissioner of Human Resources. Code Ann. § 99-2901 et seq. Aid to families with dependent children, food

stamps and medicaid are public assistance programs for which the Department of Human Resources has established rules and regulations. These regulations were not admitted into evidence at the trial of this case, and this court cannot take judicial notice of the regulations of the Department of Human Resources. Only when rules or regulations are adopted pursuant to the Administrative Procedure Act, Code Ann. § 3A-101 et seq. can they be judicially noticed. Code Ann. § 3A-108. Rules granting benefits by the state or a state agency are specifically excluded from the APA. Code Ann. § 3A-102 (f) 9. See also *Dept. of Human Resources v. Sims,* 137 Ga. App. 72, 73 (4) (222 SE2d 832) (1975); *Allen v. State Personnel Board,* 140 Ga. App. 747, 750 (231 SE2d 826) (1976); *Beall v. Dept. of Revenue,* 148 Ga. App. 5, 7 (2) (251 SE2d 4) (1978); *McClure v. Hightower,* 237 Ga. 157, 158 (227 SE2d 47) (1976). Without reference to the regulations governing appellant's entitlement to AFDC, food stamps and medicaid, it is impossible for this court to determine the amount of aid fraudulently obtained in this case.

The state argues that the form applications signed by appellant, the budgets and supporting testimony of the case workers who interviewed appellant are sufficient evidence of fraud in the amount indicated by such applications and budgets. We do not agree. The evidence admitted establishes that appellant committed fraud in *some amount* in obtaining public assistance. *Cummings v. State,* 143 Ga. App. 811 (240 SE2d 112) (1977) does not require a different result since that case involved a conviction of fraud in an amount less than $500, and the failure to offer regulations governing public assistance was not in issue. We note, however, that although the defendant in *Cummings* was indicted for fraud in the amount of $1,338, she was convicted of a misdemeanor.

The offense here consisted of violation of a statutory provision; the amount involved applies only to punishment. Thus, one can be convicted if the state alleges the general terms of the statute and shows that some amount of value was obtained fraudulently. However, this does not mean that a felony conviction is authorized in all cases. The proof must show that the value received exceeded $500. *Gill v. State,* 141 Ga. App. 823, 824 (234 SE2d 665) (1977). The state fell short of the required proof by failing to offer in evidence a certified copy of the regulations of the Department of Human Resources.

The state contends that even if the evidence was insufficient to prove AFDC overpayments, there was sufficient evidence to prove medicaid and food stamp overpayments. However, all three programs are included in the Public Assistance Act of 1965 (Code Ann. § 99-2901 et. seq.) which authorizes the regulations governing

such programs. We repeat that such state regulations cannot be judicially noticed, even where the federal government has set standards which the states must follow in administering public assistance programs.

The judgment is reversed with direction that the trial court resentence appellant to punishment which does not exceed the punishment authorized for misdemeanors.

*Judgment reversed with direction. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 10, 1980 — DECIDED JANUARY 5, 1981.

*Frank P. Samford, III,* for appellant.
*Lewis R. Slaton, District Attorney, Margaret V. Lines, Joseph J. Drolet, Assistant District Attorneys,* for appellee.