## 69289. COMMISSIONER, DEPARTMENT OF HUMAN RESOURCES v. HAGGARD.
### (327 SE2d 798)

CARLEY, Judge.

Appellee, who suffers from a brain seizure disorder, applied for vocational rehabilitation benefits from the Division of Vocational Rehabilitation of the Department of Human Resources ("agency"). Appellee receives social security disability benefits pursuant to 42 USCA § 423, and he had previously received vocational rehabilitation benefits in Indiana. However, his application for vocational rehabilitation benefits in this State was denied on the ground that he did not meet the eligibility criteria for the Georgia program. Appellee sought administrative review of that determination, and his ineligibility was upheld at each administrative level. Thereafter, appellee appealed to the superior court, and that court reversed the agency's decision. The application of the agency for a discretionary appeal to this court was granted.

The administrative decision to deny appellee's application for vocational rehabilitation benefits was based upon a factual finding that appellee did not have a "substantial handicap to employment." That finding led to the agency's conclusion that appellee did "not meet the basic eligibility criteria for vocational rehabilitation services specified in the *Manual of Policies* [of the Division of Rehabilitative Services] and in 45 CFR 1361 et seq. [(now 34 CFR § 361.1 et seq.)]." Appellee

did not contest the agency's finding of fact that he had no "substantial handicap to employment." However, he did challenge the legal standards which were applied to that finding, which resulted in the determination of his ineligibility.

The vocational rehabilitation services program pursuant to which appellee sought benefits receives federal funds (see 29 USCA § 701 et seq.) and is administered by the State in cooperation with the federal government. OCGA § 49-9-5. Federal regulations establish certain sets of eligibility criteria for various classes of program applicants. 34 CFR §§ 361.1, 361.31, 361.114, 361.124. The criteria specified in 34 CFR § 361.1 (formerly 45 CFR § 1361 (f)), which were applied to appellee at the administrative level, require that an applicant must have a "substantial handicap to employment." However, the superior court ruled that the criteria of 34 CFR § 361.1 should not have been applied to appellee because of his status as a social security disability beneficiary. See 42 USCA § 422 (d).

The superior court correctly found that a separate set of eligibility criteria has been promulgated for social security disability beneficiaries. These criteria, which are set forth in 34 CFR § 361.114 (a) (formerly 45 CFR § 1361.114 (a)), do not specifically include a requirement that the applicant for benefits must have a substantial handicap to employment. However, that regulation does expressly provide that "vocational rehabilitation services will be furnished to disability beneficiaries in the State *who the State determines* on the basis of medical, vocational, social, personal, or other factors *are eligible for services and* who meet [four other particular] requirements . . . ." (Emphasis supplied.) Thus, it is clear that a state may promulgate *additional* eligibility criteria for social security disability beneficiaries, and that an applicant for vocational rehabilitation benefits must meet both state and federal requirements. Thus, if a "substantial handicap to employment" is a valid state requirement for the benefits sought by appellee, he would be required to meet it.

Certain eligibility requirements promulgated by the State are apparently specified in the *Manual of Policies* upon which the agency relied in assessing appellee's application for benefits. However, it appears that that manual has never been filed with or published by the Secretary of State pursuant to OCGA §§ 50-13-6, 50-13-7. Since it is unpublished, the manual is not entitled to judicial notice, even if its publication is not statutorily required. See *Dix v. State,* 156 Ga. App. 868, 869 (275 SE2d 807) (1981). Moreover, the manual has not been included in the record of the instant case, and it has not been made available to this court for review. Accordingly, the *Manual of Policies* will not be considered in the context of this appeal.

Without regard to any rules prescribed at the agency level, vocational rehabilitation programs administered in this State are governed

by the provisions of law codified as OCGA Ch. 49-9. The services authorized by that chapter are to be provided to eligible "physically or mentally *disabled*" individuals. (Emphasis supplied.) OCGA § 49-9-3. "Disabled individual" for purposes of vocational rehabilitation services "means any person who has a substantial handicap to employment." OCGA § 49-9-1 (4). OCGA § 49-9-9 (a) provides in relevant part that vocational rehabilitation services "shall be provided to any individual . . . whose vocational rehabilitation . . . can be satisfactorily achieved." While that statute does not expressly refer to "disabled" individuals, the term "vocational rehabilitation" as defined in OCGA § 49-9-1 (13) means "any service . . . necessary to compensate a *disabled individual for his handicap to employment* and to enable him to engage in a remunerative occupation . . . ." (Emphasis supplied.) Under the State statutory scheme, therefore, an individual must have a substantial handicap to employment in order to be considered as a candidate for vocational rehabilitation services.

The unchallenged administrative finding of fact was that appellee has no substantial handicap to employment. Thus, appellee does not meet the State-imposed criteria for vocational rehabilitation services. Since appellee is ineligible for such benefits as a matter of State law, it is irrelevant that he receives social security disability benefits under purely federal law, or that he previously received vocational rehabilitation benefits pursuant to Indiana law. Moreover, because appellee's ineligibility is based upon a State law requirement imposed in addition to the applicable federal criteria, it was harmless error that appellee's eligibility under federal law was evaluated under 34 CFR § 361.1 et seq. rather than under 34 CFR § 361.114. The "substantial handicap to employment" requirement imposed by the State applies to preclude appellee's eligibility under either of those sets of federal criteria. Accordingly, the trial court erred in reversing the agency's determination that appellee was not eligible to receive vocational rehabilitation benefits through the program administered in this State.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 6, 1985.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General, Keith A. Royal,* for appellant.

*W. Glover Housman, Jr.,* for appellee.