A97A1753. ROWELL v. THE STATE.
(494 SE2d 5)

Judge Harold R. Banke.

In a bench trial, James A. Rowell was convicted of driving with an unlawful concentration of alcohol and driving on the wrong side of the road. Enumerating three errors, Rowell appeals.

Subject to certain specified grounds in his motions to suppress and in limine, Rowell agreed to stipulate that the arresting officer, M. J. Cofield, would have testified that he initiated a traffic stop after observing Rowell's vehicle cross the centerline. Rowell further stipulated that: he received his implied consent rights, registered a reading of .20 on the Intoxilyzer 5000, and that the machine had been calibrated and inspected according to normal State procedures. Rowell specifically agreed that the test on the Intoxilyzer 5000 had been performed according to written procedures of the Implied Consent Division of the Division of Forensic Sciences of the Georgia Bureau of Investigation ("DFS"/"GBI"). He also stipulated that the machine had been inspected and calibrated according to guidelines developed and issued by the Implied Consent Division. Based on these stipulated facts, the trial court adjudicated Rowell guilty. *Held*:

1. (a) Rowell contends that the trial court erred in admitting the results of his breath test conducted on an Intoxilyzer 5000 machine because the State failed to establish that his test was conducted according to "methods approved" by the DFS as required by OCGA § 40-6-392 and the Georgia Administrative Procedure Act ("APA"), OCGA § 50-13-1 et seq. Rowell claims that the current DFS regulations are defective because they do not contain the specific procedures to be employed in the testing of subjects on the Intoxilyzer 5000, including the operation and calibration of the machines and specifications on the training and qualifications of the operators. He claims that the "methods" used to test him are not contained in the GBI's published administrative regulations. He contends that the failure to publish these regulations fails to comport with OCGA § 40-6-392 (a) (1) which requires the methods be approved by DFS. Rowell argues that the State's failure to comply with the procedural requirements of the APA deprived him of due process.

In enacting the APA, the legislature specifically provided that the APA did not "create any substantive rights" and denoted its requirements as procedural. OCGA § 50-13-22. Moreover, the legislature mandated that substantial compliance with any statutory

requirement (such as the APA here), especially on the part of public officers, "shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." OCGA § 1-3-1 (c).

In a recent case, we interpreted the application of APA procedures to the testing of the Intoxilyzer 5000 machine. *Corner v. State,* 223 Ga. App. 353, 354 (477 SE2d 593) (1996) (where agency rules had been promulgated in substantial compliance with APA, test results were valid). See *State v. Holton,* 173 Ga. App. 241, 246 (326 SE2d 235) (1985) (application of APA to implied consent rules); *Williams v. State,* 224 Ga. App. 368, 370 (4) (481 SE2d 535) (1997). Here, Rowell advances an argument similar to that advocated in *Corner,* but as applied to the testing of subjects rather than to the testing of the machine.

It is undisputed that Rowell was tested according to methods approved by the GBI. In fact, Rowell stipulated that the operator had been certified as required by Rule 92-3-.06 (6) of the Rules of the GBI and that his test had been performed in accordance with Rule 92-3-.02 (2). Rowell offered not a shred of evidence that more rules or different rules were necessary to obtain accurate intoximeter results. Having offered no witnesses to challenge the testing, calibration, and operation of the machine at issue or to contest the qualifications of its operators, Rowell has not shown any harm which would justify the exclusion of the evidence. Compare *State v. Kampplain,* 223 Ga. App. 16 (477 SE2d 143) (1996) (State's failure to produce statutorily mandated inspection certificate barred admission of test results). Further, after Rowell was duly read his implied consent rights, as he conceded, he could have requested his own independent test.

As an allegedly aggrieved individual, Rowell had an available administrative remedy and could have contested the validity of the rules or procedures at issue by filing an action for a declaratory judgment. OCGA § 50-13-10. See also OCGA § 50-13-19. Even assuming arguendo that the DFS regulations at issue did not substantially comply with the APA's procedures, Rowell failed to offer any authority which expressly provides that such noncompliance would invalidate testing results. See OCGA § 1-3-1 (c).

(b) Rowell further asserts that the State failed to establish through admissible evidence that the machine "was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order" as required by OCGA § 40-6-392 (a) (1) (A). The State's evidence showed the machine successfully completed State testing and certification ten days before Rowell's test and three months previously. See *Williams,* 224 Ga. App. at 368. Rowell offered no evidence that the State's testing procedures were defective or flawed, instead contending that the

methods had not been validly enacted in compliance with the APA. Under the circumstances, we are unable to find that the trial court abused its discretion in admitting the certificates of inspection. *Williams*, 224 Ga. App. at 369-370 (2).

2. We reject Rowell's contention that the trial court erred in admitting two exhibits documenting the machine's certification and inspection. Rowell objected to the admission of the certificates on the basis that (1) inspections of the machine on dates other than the date of his testing had no probative value, (2) the certificates contained conclusions and hearsay, and (3) the admission of the certificates without testimonial foundation denied his right of confrontation and cross-examination. Notwithstanding Rowell's proposition to the contrary, certification and inspection of a machine need not occur on the same day as the testing. *Blanos v. State*, 192 Ga. App. 835, 836 (1) (386 SE2d 714) (1989).

In *Brown v. State*, 268 Ga. 76, 77 (485 SE2d 486) (1997), the Supreme Court determined that State certification documents in compliance with OCGA § 40-6-392 (f) were admissible as business records and did not trigger a confrontation clause issue unlike sworn certified copies of drug analyses. Compare *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996). Thus, the trial court properly rejected Rowell's hearsay and Sixth Amendment arguments.[1]

3. Rowell contends that the evidence was insufficient to sustain the verdict. As we determined above, the trial court did not abuse its discretion in admitting the stipulated evidence that Rowell obtained a test result of .20 on the Intoxilyzer 5000. In light of this evidence, a rational trier of fact could have found Rowell guilty of the offense of driving with an unlawful alcohol concentration within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED NOVEMBER 17, 1997 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn,*

---

[1] In objecting to the admission of the certificates, Rowell did not claim that the State failed to lay the requisite foundation for business records admitted under OCGA § 24-3-14. See *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995) (failure to state what proper foundation should be is insufficient and presents nothing for consideration on appeal). Instead, Rowell asserted the same argument which the Supreme Court rejected in *Brown*, that the certificates contained "conclusions" by persons not subject to cross-examination. *Brown*, 268 Ga. at 79. Compare *Daniel v. State*, 227 Ga. App. 92, 93 (475 SE2d 610) (1997) (State's failure to satisfy the requirements of OCGA § 24-3-14 for the admission of business records rendered inadmissible the certificates tendered under OCGA § 40-6-392).

*Bentley C. Adams III, Larkin M. Lee*, for appellant.
*John H. Cranford, Solicitor*, for appellee.