A99A2092. CASEY v. THE STATE.
(523 SE2d 395)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of driving under the influence of alcohol.

Officer Christopher McGrath of the Gwinnett County Police Department testified that, after stopping defendant for speeding at about 10:00 in the evening on August 15, 1997, he smelled alcohol on defendant's breath and noticed that defendant's speech was slurred, that defendant's eyes were red and glassy, and that defendant's face

was flushed. Officer McGrath testified that defendant was unsteady on his feet; that defendant failed several field sobriety tests, and that defendant admitted that he had consumed a couple of alcoholic beverages before driving. Officer McGrath opined that, based on his on-the-scene observations and his experience, defendant was under the influence of alcohol to an extent that it was less safe for him to drive.

Defendant testified on his own behalf at trial and admitted that he had consumed two glassfuls of straight liquor and a "couple of sips" of another alcoholic beverage less than three hours before driving. Defendant also admitted that these drinks caused him to feel relaxed, but he opined that the drinks did not cause him to be a less safe driver.

This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion for directed verdict, arguing that there is insufficient evidence to support his conviction. We do not agree. Defendant's admissions that he had consumed straight liquor within three hours before driving and that this alcohol caused him to feel somewhat relaxed, along with Officer McGrath's testimony concerning defendant's intoxicated appearance and traffic violation (exceeding the posted speed limit by twenty mph), overwhelmingly support the jury's finding that defendant is guilty, beyond a reasonable doubt, of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant contends in his first enumeration of error that the trial court should have granted his motion for new trial because the trial court's clerk did not file an accusation against him for the charged offense until four days after he was sentenced. Defendant reasons that this purported deficiency means that the trial of the case against him was a nullity because the "issue [was] never properly joined" under OCGA § 17-7-94.

Although this enumeration of error does not appear to be supported by symmetrical logic or controlling authority, we need not address the substance of defendant's claim because the record does not support his assertions. The record citations which defendant's appellate counsel provides in support of this enumeration of error are counsel's own application for leave of absence in the trial court and a trial transcript excerpt where the trial court excuses the jury for a lunch break and admonishes them not to discuss the case. The relevant portions of the record show that the accusation against defendant was filed in the trial court on December 4, 1997; that a form reflecting defendant's waiver of arraignment and not guilty plea was filed on January 6, 1998; that a trial transcript was filed showing that defendant was tried before a jury on November 18 and 19, 1998,

and that defendant's judgment of conviction and sentence were filed on November 20, 1998.

3. Defendant contends the trial court erred in admitting evidence of the results of his breath test (.97 grams) because the law enforcement officer who administered the test admitted that he did not operate the breath-testing machine ("Intoxilyzer 5000") according to the manufacturer's operating directions.[1] While we agree that this officer's admission compromised the very foundation for admission of defendant's breath test under OCGA § 40-6-392 (a) (1) (A), we find it highly probable that any error in the admission of the results of defendant's breath test did not contribute to the judgment in this case because the evidence of defendant's guilt was overwhelming. *Hamilton v. State*, 228 Ga. App. 285, 287 (4) (491 SE2d 485).

4. Defendant contends the trial court erred in giving the pattern jury instruction as to the use of expert testimony. We do not agree. Officer McGrath's expert opinion as to defendant's driving abilities authorized the trial court's instruction on expert testimony. Contrary to defendant's assertion, Officer McGrath's training and experience qualified him as an expert in this area. See *Tanner v. State*, 225 Ga. App. 702 (484 SE2d 766).

5. Defendant contends the trial court erred in excluding evidence of a document which purports to be an employee performance appraisal which does not reflect favorably toward Officer McGrath. Defendant argues that this document was admissible as a business record. We not agree. Because the alleged employee performance appraisal mostly reflects the opinion of an out-of-court declarant who was not subject to or available for cross-examination, the document was not shown to be admissible into evidence as a business record. Business records are admissible if the record reflects an act, occurrence or event — not an opinion. *Johnson v. State*, 168 Ga. App. 271, 272 (1) (308 SE2d 681). But even assuming the contrary, after a review of the record, we find any error in refusing to admit Officer McGrath's employee performance appraisal to be harmless because Officer McGrath was cross-examined extensively about this document and he admitted most of the negative substance described therein. See *Ansley v. State*, 198 Ga. App. 452, 453 (402 SE2d 73).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 8, 1999.

*Clark & Towne, David E. Clark*, for appellant.

---

[1] Specifically, the officer did not wait 20 minutes after this machine indicated that residual mouth alcohol was detected in the first sample of defendant's breath.

*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Gary S. Vey, Assistant Solicitors*, for appellee.