### A02A2074. THE STATE v. NAIK.
(577 SE2d 812)

ELLINGTON, Judge.

The State Court of Gwinnett County granted Piyush Naik's motion to suppress breath test results, finding the State failed to prove the chemical test of Naik's breath was "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation," as required by OCGA § 40-6-392 (a) (1) (A). Pursuant to OCGA § 5-7-1 (a) (4), the State appeals, contending the trial court erred in construing OCGA § 40-6-392 (a) (1) (A) to require opinion testimony from the Intoxilyzer operator that he performed the test according to the applicable methods. We agree and reverse.

On appeal from an order granting or denying a motion to suppress, the evidence must be construed most favorably to support the trial court's ruling. *State v. Causey*, 246 Ga. App. 829-830 (1) (540 SE2d 696) (2000). "Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citation, punctuation and footnote omitted.) Id. at 830 (1).

In pertinent part, OCGA § 40-6-392 (a) (1) (A) provides:

> Chemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose.

Pursuant to this Code section, the Division of Forensic Sciences adopted the following methods for conducting an evidential breath alcohol analysis:

> (1) The analysis shall be conducted on an Intoxilyzer Model 5000 manufactured by CMI, Inc., except as otherwise provided in Rule 92-3-.06 (5); (2) the analysis shall be performed by an individual holding a valid permit, in accordance with Rule 92-3-.02 (2); and (3) the testing instrument shall have been checked periodically for calibration and operation, in accordance with Rule 92-3-.06 (8) (a).

Ga. Comp. R. & Regs. r. 92-3-.06 (12) (a). Further, "[a]dministrative, procedural, and/or clerical steps performed in conducting a test shall not constitute a part of the approved method of analysis." Ga. Comp. R. & Regs. r. 92-3-.06 (12) (b). Under OCGA § 50-13-8, we "take judicial notice of any rule which has become effective pursuant to [the Georgia Administrative Procedure Act, OCGA §§ 50-13-1 through 50-13-23]." See *Rowell v. State*, 229 Ga. App. 397, 398 (1) (a) (494 SE2d 5) (1997) (recognizing Rule 92-3-.06 as embodying methods for breath tests approved by the GBI).

In this case, the record reveals the following undisputed facts. While working a roadblock on June 3, 2001, a police officer arrested Naik for driving under the influence of alcohol. After reading Naik her implied consent rights, the officer requested that she submit to a breath test and Naik consented. At the hearing on the motion to suppress the results of that breath test, the arresting officer testified that (1) he conducted the breath analysis on an Intoxilyzer Model 5000 with all its components properly attached and in good working order; (2) at the time, he held a valid permit; and (3) the testing instrument had been checked periodically for calibration and operation, specifically on April 4, 2001, and July 11, 2001. The trial court

found the State proved these facts, and Naik does not dispute that these facts were established.

Whether the chemical test complied with OCGA § 40-6-392 (a) (1) (A) was a legal question for the trial court to decide. We hold that it is sufficient for an operator to testify to the *facts* upon which a trial court can base a conclusion that the chemical test complied with OCGA § 40-6-392 (a) (1) (A). It is not necessary that the operator additionally testify to his *opinion* that the test was "performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation." *Hunt v. State*, 247 Ga. App. 464, 467 (4) (542 SE2d 591) (2000) (breath results properly admitted under OCGA § 40-6-392 where the State presented evidence that the Intoxilyzer 5000 used was in good working order at the time of the test and that the officer possessed a valid permit to operate the machine). Accordingly, the trial court erred in granting Naik's motion to suppress the breath test results.

*Judgment reversed. Smith, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 29, 2003 —
RECONSIDERATION DENIED FEBRUARY 12, 2003.

*Gerald N. Blaney, Jr., Solicitor-General, Gary S. Vey, Assistant Solicitor-General*, for appellant.
*Charles T. Magarahan*, for appellee.