A03A1899. THE STATE v. PALMAKA.
(597 SE2d 630)

BARNES, Judge.

The State of Georgia appeals the order of the State Court of Gwinnett County granting Kasia C. Palmaka's motion to suppress the results of an Intoxilyzer 5000 in a DUI prosecution. The State contends the trial court erred by granting the motion because the breath test in this case was conducted in accordance with the approved methods of the Georgia Bureau of Investigation's Division of Forensic Sciences and all other statutory requirements. As we agree with the State's position, we will reverse the grant of the motion to suppress.

The record shows that Palmaka was arrested for DUI after a hit and run traffic accident. The arresting officer determined that she should be tested on the Intoxilyzer 5000. He read the required implied consent notice to Palmaka, and she agreed to take the breath test.

The first test was begun at 5:54 a.m. and resulted in an invalid sample. The second test was begun at 6:05 a.m. and resulted in two

---

[32] See *Coleman v. State*, 271 Ga. 800, 802 (3) (523 SE2d 852) (1999); *Laney v. State*, 271 Ga. 194, 197 (8) (515 SE2d 610) (1999).

valid samples. Palmaka also stipulated that the officer was certified to operate the Intoxilyzer 5000 and the machine had been calibrated for accuracy.

Palmaka moved to suppress the breath test because the second test was conducted within 20 minutes of the test with the invalid sample in violation of the standards set out in the operator's training manual for the Intoxilyzer 5000. Although the trial court initially denied the motion after a motion to suppress hearing, when the case came on for trial, Palmaka orally moved for reconsideration of that ruling. The trial court granted that motion and suppressed the test results. The State appeals from that order.

As the evidence in this appeal is uncontroverted and no questions of credibility are presented, we will conduct a de novo review of the trial court's application of the law to the undisputed facts. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). In *Brannan v. State*, 261 Ga. 128, 129 (401 SE2d 269) (1991), our Supreme Court held that the admissibility of Breathalyzer test results is controlled solely by OCGA § 40-6-392. Therefore, the issue before us is whether the evidence supplied by the State satisfied that Code section.

In *State v. Naik*, 259 Ga. App. 603, 604 (577 SE2d 812) (2003), we considered what evidence would satisfy the State's burden and, first quoting the statute, held that OCGA § 40-6-392 (a) (1) (A) requires that:

[c]hemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose.

Pursuant to this Code section, the Division of Forensic Sciences adopted the following methods for conducting an evidential breath alcohol analysis: (1) The analysis shall be conducted on an Intoxilyzer Model 5000 manufactured by CMI, Inc., except as otherwise provided in Rule 92-3-.06 (5); (2) the analysis shall be performed by an individual holding a valid permit, in accordance with Rule 92-3-.02 (2); and (3) the testing instrument shall have been checked periodically for calibration and operation, in accordance with Rule 92-3-.06 (8) (a). Ga. Comp. R. & Regs. r. 92-3-.06 (12) (a). Further,

"(a)dministrative, procedural, and/or clerical steps performed in conducting a test shall not constitute a part of the approved method of analysis." Ga. Comp. R. & Regs. r. 92-3-.06 (12) (b). Under OCGA § 50-13-8, we "take judicial notice of any rule which has become effective pursuant to (the Georgia Administrative Procedure Act, OCGA §§ 50-13-1 through 50-13-23)." See *Rowell v. State*, 229 Ga. App. 397, 398 (1) (a) (494 SE2d 5) (1997) (recognizing Rule 92-3-.06 as embodying methods for breath tests approved by the GBI).

*Naik*, supra. As the State's evidence satisfied this burden, the trial court erred by suppressing the test results. Any deviation from the operator's manual goes to the weight to be given the test results and not to their admissibility. *Scara v. State*, 259 Ga. App. 510, 513 (1) (577 SE2d 796) (2003); *Jarriel v. State*, 255 Ga. App. 305, 308 (3) (565 SE2d 521) (2002).

Although Palmaka relies upon statements in *Casey v. State*, 240 Ga. App. 329, 331 (3) (523 SE2d 395) (1999), for the proposition that the 20-minute waiting period is part of the approved methods of testing which much be satisfied, this reliance is misplaced. *Casey* was decided before the GBI promulgated in 2000 the rule now codified in Ga. Comp. R. & Regs. r. 92-3-.06 (12) (b). Accordingly, to the extent that *Casey* holds that the 20-minute waiting period is part of the approved methods of testing, it is inconsistent with both the new Rule and *Naik*, supra, and, therefore, the language in *Casey* is disapproved and will no longer be followed.

Accordingly, the order of the trial court suppressing the test results is reversed and the case is remanded for further proceedings.

*Judgment reversed. Smith, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Eldridge, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED MARCH 26, 2004 —

*Gerald N. Blaney, Jr., Solicitor-General, Jeffrey P. Kwiatkowski, Gary S. Vey, Jason R. Samuels, Assistant Solicitors-General*, for appellant.

*Charles T. Magarahan*, for appellee.