## A04A1856. PONCE v. THE STATE.
### (630 SE2d 840)

PHIPPS, Judge.

We reversed Hector Ponce's cocaine trafficking conviction on the ground that the trial court should have suppressed the evidence that the police found during a warrantless search of his commercial truck.[1] The Supreme Court vacated our judgment and remanded the case for us to consider whether any state rules and regulations that were promulgated under the Georgia Administrative Procedure Act ("APA")[2] and that concern safety inspections of commercial vehicles could provide a constitutionally adequate substitute for a warrant.[3] On remand, the state relies on two transportation rules adopted by the Public Service Commission ("PSC"). Ponce argues that we may not take judicial notice of those rules because they were not properly promulgated under the APA. We agree with Ponce. Therefore, we have nothing to consider on remand, and we again reverse his conviction.

The facts of this case are detailed in our original opinion and need not be repeated here. In Division 1 of our opinion, we held that the stop of Ponce's truck could not be justified as part of a valid roadblock. In Division 2, we held that Georgia's statutory scheme concerning safety inspections of commercial vehicles did not provide an adequate substitute for a warrant. In Division 3, we held that the stop was not a valid investigatory stop because the police lacked reasonable suspicion that Ponce was engaged in criminal activity. The Supreme Court neither addressed nor vacated Divisions 1 and 3 of our opinion; thus, they stand. The Supreme Court also did not review the correctness of our holding in Division 2 that Georgia's statutory scheme could not substitute for a warrant.[4] The Court vacated Division 2,

---

[1] *Ponce v. State*, 271 Ga. App. 408 (609 SE2d 736) (2005).

[2] OCGA § 50-13-1 et seq.

[3] *State v. Ponce*, 279 Ga. 651 (619 SE2d 682) (2005).

[4] See id. ("Although the Court of Appeals analyzed Georgia's statutory scheme, we need not reach that ruling. . . .").

however, because we did not consider whether Georgia's *regulatory* scheme could provide an adequate substitute.[5] According to the Court, "rules and regulations promulgated pursuant to the APA by [the Department of Motor Vehicle Safety ('DMVS')] or the PSC and thereafter properly adopted by DMVS are required to be judicially noticed by the courts."[6]

On remand, the state cites two transportation rules adopted by the PSC, 1-3.3 and 4-1-396.9.[7] Thus, the question before us is whether those rules permit the police to stop and inspect a commercial vehicle without a warrant or a reasonable, articulable suspicion of criminal activity. We are unable to answer that question, however, because we may not take judicial notice of the PSC's transportation rules, as those rules have not become effective under the APA.

1. We first consider the state's argument that Ponce waived his challenge to our ability to take judicial notice of the PSC's transportation rules by not making such a challenge in the trial court. Although the state referred to the transportation rules at the hearing on the motion to suppress, it did not ask the court to take judicial notice of them, and the court never indicated any intention to do so.[8] Thus, Ponce had nothing to which to object. We find no waiver.

2. Under OCGA § 50-13-8, we take judicial notice of any rule that has "become effective pursuant to [the APA]."[9] The APA applies to rules adopted by the PSC.[10] A rule adopted by an APA-covered agency does not become effective until 20 days after it has been filed with the office of the Secretary of State, which "shall endorse on each rule thus filed the time and date of filing and shall maintain a record of the rules for public inspection."[11] The Secretary of State "shall compile, index, and publish in print or electronically all rules adopted by each agency and remaining in effect."[12] This official compilation, known as

---

[5] We note that the state did not cite any regulations in its initial appeal to this court, nor did it argue that Georgia's regulatory scheme could substitute for a warrant.

[6] Id., citing OCGA § 50-13-8.

[7] The state cites no rules or regulations adopted by DMVS, and our research disclosed no such rules.

[8] See *Graves v. State*, 269 Ga. 772, 776 (4) (a) (504 SE2d 679) (1998) (before taking judicial notice, court must announce on the record an intention to do so and give parties an opportunity to be heard on whether judicial notice should be taken), overruled in part on other grounds, *Jones v. State*, 272 Ga. 900, 903 (2) (537 SE2d 80) (2000); *Reserve Life Ins. Co. v. Peavy*, 98 Ga. App. 268, 272 (7) (105 SE2d 465) (1958) (because judicial notice excuses a party from producing evidence, party must request it).

[9] *State v. Palmaka*, 266 Ga. App. 595, 597 (597 SE2d 630) (2004) (citation and punctuation omitted).

[10] See OCGA § 50-13-2 (1) (PSC not included in list of government entities excluded from APA).

[11] OCGA § 50-13-6 (a), (b).

[12] OCGA § 50-13-7 (a).

the "Rules and Regulations of the State of Georgia," must be updated regularly and made available to the public.[13] The Secretary of State,

> in his or her discretion, may omit rules from the bulletin or compilation if their publication would be unduly cumbersome, expensive, or otherwise inexpedient, provided that the omitted rules are made available in electronic, printed, or processed form on application to the adopting agency and that the bulletin or compilation contains a notice stating the general subject matter of the rules so omitted and stating how copies thereof may be obtained.[14]

Rules that are not promulgated pursuant to the APA are not entitled to judicial notice.[15]

The state has failed to show that the PSC's transportation rules have been filed with and published by the Secretary of State. The official printed compilation of Georgia's rules and regulations does not refer to the transportation rules at all — it neither includes them nor contains a notice, as permitted under OCGA § 50-13-7 (c), stating their general subject matter and how copies of them may be obtained.[16]

An electronic version of Georgia's rules and regulations is available on the Secretary of State's website, but it plainly cautions that the electronic version is not "the official copy."[17] The electronic version contains more than 300 rules that have been adopted by the PSC, arranged into 16 categories.[18] The text of each rule is followed by a notation of the date the rule was filed with the Secretary of State and the date it became effective. The category of "Transportation Rules" is listed on the Secretary of State's website along with the other categories of PSC rules, but, unlike any other listed category, the transportation rules are not accessible directly from the Secretary of State's website. Rather, the Secretary of State's website

---

[13] See OCGA § 50-13-7 (a), (b), (d).

[14] OCGA § 50-13-7 (c).

[15] See *Commr., Dept. of Human Resources v. Haggard*, 173 Ga. App. 676, 677 (327 SE2d 798) (1985) (rule never filed with or published by Secretary of State not entitled to judicial notice); *Dix v. State*, 156 Ga. App. 868, 869 (275 SE2d 807) (1981).

[16] See Ga. Comp. R. & Regs., PSC Rules, Section 515 (neither including nor mentioning any "Transportation Rules").

[17] http://www.sos.state.ga.us/rules_regs.htm.

[18] http://rules.sos.state.ga.us/cgi-bin/page.cgi?g=GEORGIA_PUBLIC_SERVICE_ COMMISSION%2Findex.html&d=1. We reached this webpage by first accessing the Secretary of State's homepage, then clicking on "Other Services," then "Rules and Regulations of the State of Georgia," then "Access the Rules and Regulations," then "Georgia Public Service Commission, Chapter 515."

provides a hyperlink to the PSC's website, where the transportation rules may be found. Beneath that hyperlink is the following disclaimer:

> The contents of this Rule are posted *as a courtesy* to the Georgia Public Service Commission and *are not subject to the requirements of the Administrative Procedure Act (O.C.G.A. 50-13)*. The official copy of this Regulation is on file in the office of the Commission, thus [requests] for public inspection and specific questions regarding this rule should be directed to the Commission.[19]

The Secretary of State's website does not show any filing date for the PSC's transportation rules. No other category of PSC rules listed on the Secretary of State's website is accessible only by hyperlink to another website, and no other category contains the above — or any other — disclaimer.

The PSC's transportation rules are available on the PSC's website.[20] The electronic copy that we were able to access indicates that the transportation rules were "Adopted by the Commission on January 17, 2006," but it does not state whether they were ever filed with the Secretary of State or when they purportedly became effective.[21]

Because it appears that the PSC's transportation rules have not been filed with the Secretary of State, they have not "become effective" pursuant to the APA.[22] In addition, because the Secretary of State's official printed compilation of Georgia's rules and regulations does not contain or refer to the rules, we conclude that the Secretary of State has not "published" them within the meaning of the APA. Even if the hyperlink on the Secretary of State's website can be construed as a publication of the rules, that link is supplied only "as a courtesy" and is accompanied by a caveat that the transportation rules "are not subject to the requirements of the [APA]."

Because the PSC's transportation rules were not promulgated in accordance with the APA, we cannot judicially notice them.[23] And as they have not been made a part of the record in this case, we cannot

---

[19] http://rules.sos.state.ga.us/cgi-bin/page.cgi?g=GEORGIA_PUBLIC_SERVICE_COMMISSION%2Findex.html&d=1 (emphasis supplied).

[20] See http://www.psc.state.ga.us. The rules may be accessed by clicking on "Transportation" from the pulldown menu at the left side of the homepage, then clicking on "Information," then "Public Service Commission Transportation Rules."

[21] http://www.psc.state.ga.us/transportation/pdf/trans-rules.pdf.

[22] See OCGA § 50-13-6 (a).

[23] See *Haggard*, supra; *Dix*, supra.

consider them on appeal.[24] Accordingly, our original conclusion stands — the state has failed to alert us to any statute or properly promulgated regulation that could serve as a constitutionally adequate substitute for a warrant. The trial court should have suppressed the fruits of the unconstitutional search of Ponce's truck.

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MAY 5, 2006 — 

*Jennifer S. Hanson, Bruce S. Harvey, David W. Martin, Kimberly A. Dymecki*, for appellant.

*Timothy G. Madison, District Attorney, Tamara Nowlin, Robin R. Riggs, Assistant District Attorneys*, for appellee.