56096. BEALL v. DEPARTMENT OF REVENUE.

McMurray, Judge.

Beall was appointed to a position as an auditor with the Department of Revenue on March 16, 1971. He

attained permanent status on September 16, 1971, and received satisfactory service ratings during his employment with the Department of Revenue.

On May 17, 1977, Beall was notified by the Department of Revenue of its proposal to dismiss him effective June 6, 1977. The specific charges alleged misconduct and conduct reflecting discredit on the Department of Revenue.

In December, 1976, Beall had appeared before Mr. Thomas J. Harrold, Jr., Deputy Commissioner of Revenue, to appeal proposed adverse action that recommended that Beall be dismissed from the services of the Department of Revenue. In a letter to Beall dated December 28, 1976, Harrold denied the recommendation for dismissal and stated that Beall's continued employment would be probationary in nature for a 12-month period subject to specific restraints. The specific restraints of the purported probation included that Beall in no way implicate the Department of Revenue or employees thereof in any allegation that Beall was receiving threats of bodily harm or damage to property without swearing out a warrant for the arrest of a specific individual; that Beall at no time discuss with any Revenue Department employee or other employee of state government, or state, local, federal officials or news media concerning allegations of threats against Beall unless Beall followed with a criminal warrant for the arrest of the accused individual. Additional provisions of the purported probationary period of employment were that Beall submit to psychiatric treatment and continue to perform his duties as Revenue Department employee uninterrupted and at a high level of efficiency.

Beall appealed his dismissal. A hearing was held before a hearing officer, and the record of the hearing certified to the State Personnel Board. This record shows that the hearing officer's recommendation that Beall's appeal be denied was predicated entirely upon the grounds relating to violations of the purported probationary conditions. No mention is made in the hearing officer's conclusions of law and reasons for recommendation of misconduct other than that related to the purported probationary conditions. After review of

the record and the recommendations of the hearing officer the State Personnel Board denied Beall's appeal, adopting as its own the findings of fact, conclusions of law, and reasons for the decision as recommended by the hearing officer. Beall's appeal to the Superior Court of Fulton County was also unsuccessful. Beall now appeals to this court contending that the superior court erred in failing to hold certain of the probationary conditions imposed upon him were unconstitutional as they infringed upon his rights under the First, Fifth, Ninth and Fourteenth Amendments of the Constitution of the United States and under the Constitution of Georgia, and in finding there was evidence to support the decision of the State Personnel Board. *Held:*

1. A judicial review of decisions of the State Personnel Board is no longer obtained by writ of certiorari to the superior court but is now obtained by filing a petition with the superior court of the county of his place of employment within 30 days after the decision or order of the State Personnel Board is rendered. See Code Ann. § 40-2207.1 (h) and (i) (Ga. L. 1976, pp. 1547, 1550); *Hall v. Ault,* 143 Ga. App. 158 (237 SE2d 653) (1977). Compare *Dept. of Human Resources v. Sims,* 137 Ga. App. 72 (222 SE2d 832) (1975).

2. Code Ann. § 40-2207 (a) (Ga. L. 1975, pp. 79, 90; 1976, pp. 1547, 1549) provides that "[n]o permanent status employee may be dismissed from employment or otherwise adversely affected as to compensation or employment status except for good cause as shall be specified in the rules and regulations of the State Merit System. . ." The rules and regulations of the State Merit System are propagated by the State Personnel Board after public hearings and are subject to approval by the Governor. See Code Ann. § 40-2204 (Ga. L. 1975, pp. 79, 85; 1976, pp. 1547, 1548) and Code Ann. § 40-2205 (b) (3) (Ga. L. 1975, pp. 79, 87). This court cannot, however, take judicial notice of the rules and regulations of the State Merit System. *Dept. of Human Resources v. Sims,* 137 Ga. App. 72, supra; *Allen v. State Personnel Board,* 140 Ga. App. 747, 748 (1) (231 SE2d 826). See *McClure v. Hightower,* 237 Ga. 157, 158 (227 SE2d 47). Compare *City of Atlanta v. Whitten,* 144 Ga. App. 224 (240 SE2d 771).

No evidence as to the rules and regulations of the State Merit System has been introduced in this case. Therefore, we have no knowledge as to whether the charges against Beall are among those specified in the Rules and Regulations of the State Merit System or as to whether such probationary conditions may be imposed. The Merit System of Personnel Administration was implemented by the state to afford equal opportunity for all, regardless of race, color, sex, age, national origin, physical handicap, political or religious affiliation, as well as to provide reasonable job security for the competent employee. The burden rests with the state to demonstrate that Beall's dismissal was proper and consistent with the rules and regulations of the State Merit System. The state has failed to carry the burden of proof and the evidence is not sufficient to support the conclusions reached by the superior court.

The conclusion of law by the superior court that it is controlled by *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635), while a correct statement of the law, is not applicable to the appeal based on the various grounds thereof which have not been considered by the superior court. The case is reversed and remanded for consideration in the light of this opinion.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED JULY 10, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED NOVEMBER 7, 1978 —

*Augustine, Emerson, Hazleton & Sullivan, William L. Hazleton,* for appellant.

*Arthur K. Bolton, Attorney General, James C. Pratt, Assistant Attorney General,* for appellee.