A92A0213. FORTSON v. FORTSON.
(421 SE2d 106)

POPE, Judge.
This is an action to domesticate a California judgment which modified an order of the California courts regarding the custody of a minor child. At the time of the original order, the child and both parents were residents of California. The defendant/mother in the present action was awarded sole physical custody of the child, and visitation rights were granted to the plaintiff/father. The defendant then began making plans to move to Georgia. The parties agreed to modify the custody order to permit the plaintiff long-distance visitation rights. However, according to the plaintiff, defendant rescinded this agreement after she moved to Georgia. Plaintiff then initiated a suit to modify the California custody order on the ground that the mother had violated the order by moving from the state with the child.

The plaintiff served the defendant with the modification action by placing the summons and complaint into a shoe box which contained new shoes the plaintiff had purchased for the child. The record shows the child had visited his father and was being returned to the defendant in Georgia by plaintiff's cousin. The cousin handed the unopened shoe box containing the summons and complaint to the defendant. These were discovered by defendant when she later opened the box. Defendant filed a motion to dismiss and appeared specially to challenge the California court's exercise of personal jurisdiction

over her. The California court subsequently granted plaintiff's motion to modify the custody order and awarded joint legal custody to the parents and sole physical custody to the plaintiff.

Plaintiff then filed this action in Georgia to domesticate the California order. The defendant filed an answer and amended answer to plaintiff's petition to domesticate, asserting, inter alia, that service of the California modification action was insufficient. On July 29, 1991, a hearing was held on plaintiff's petition to domesticate at which time defendant again asserted that service of the modification action was insufficient. On July 31, 1991, the trial court entered an order granting defendant's motion for directed verdict on the grounds that service was invalid under Georgia law and plaintiff filed an application to appeal that order to this court which we granted on September 18, 1991.

1. Both California and Georgia have adopted the Uniform Child Custody Jurisdiction Act which provides, inter alia, that service of process may be made "(a) By personal delivery outside of this state in the manner prescribed for service of process within this state. (b) In the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction." Cal. Civ. Code § 5154 (1) (a & b) (West 1983). See also OCGA § 19-9-45 (a) (1 & 2). The parties agree that the service did not comply with Georgia law, and therefore, is not valid unless it complies with California law.

Relying on the Uniform Child Custody Jurisdiction Act and California's statutory law governing service of process, plaintiff contends that the trial court erred in granting a directed verdict for defendant because service of the modification action was valid under California law. A party intending to rely upon a foreign law is not required to provide the court with copies of that law; rather, they must only provide notice of their intent to do so in the pleadings or otherwise. "A party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice." OCGA § 9-11-43 (c). Plaintiff in this case failed to provide any written notice either to the court or to opposing counsel that he intended to rely upon California law. The first mention of the applicability of California law occurred at the hearing on the defendant's motion for directed verdict. This court has already held that, where the first notice of intent to rely upon foreign law is made at a hearing on motion for directed verdict, the notice is insufficient to provide the court and opposing counsel an opportunity to prepare. *Plant v. Trust Co. of Columbus*, 164 Ga. App. 387 (297 SE2d 37) (1982). Where a party has failed to provide sufficient notice of intent to rely upon foreign law, the law of this state shall apply. "Absent proper introduction and proof of the law of a sister state, how-

ever, it is presumed that such foreign law is the same as that of Georgia." *Abruzzino v. Farmers' & Merchants' Bank,* 168 Ga. App. 639, 640 (1) (309 SE2d 911) (1983).

2. Applying Georgia law, the service of process used in the California action was legally insufficient to secure personal jurisdiction over the defendant. As is pertinent to this appeal, OCGA § 9-11-4 (c) provided that "[p]rocess shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his deputy, or by any citizen of the United States specially appointed by the court for that purpose." OCGA § 9-11-4 (c). Plaintiff's cousin has not been shown to be one of the people enumerated in section 9-11-4 who may serve process in Georgia. Therefore, the service was insufficient to secure personal jurisdiction over the defendant.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JULY 7, 1992.

*Billington & Associates, Barry E. Billington,* for appellant.
*Janice L. Hughes,* for appellee.