A93A1295. WADE v. CRANNIS et al.
(433 SE2d 669)

BIRDSONG, Presiding Judge.

Henry Wade appeals from the granting of summary judgment to defendants Michael L. Crannis and Allstate Insurance Company. This personal injury suit arises out of an automobile collision wherein a vehicle driven by Crannis collided with the rear end of a vehicle occupied by Wade.

The Crannis car was a covered vehicle under the terms of an insurance policy issued by appellee Allstate to insured, Lewie J. and Sandra M. Richardson. Approximately two years before suit was commenced, Allstate tendered appellant a check for $3,450 which Wade cashed. The front of this check contained this provision: "Final settlement of any and all claims arising from bodily injury caused by acci-

dent on 01/04/90." Allstate employee, Alice Coleman, stated by way of affidavit that following negotiations she and appellant Wade agreed on settlement of his claim for $3,450; Coleman advised Wade this was a final settlement of all his claims arising from the accident in January 1990, and Wade cashed the settlement check.

Appellees based their motion for summary judgment on the affirmative defense of accord and satisfaction; the trial court granted their motion for summary judgment on that ground. *Held*:

1. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) is controlling regarding the standards for grant of summary judgment in behalf of a party who would not bear the burden of proof at trial. Mere allegations of facts in pleadings and briefs unsupported by evidence of record cannot be considered on appellate review. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846-847 (1) (366 SE2d 223).

2. At the motion hearing, the trial court stated: "The policy should be construed based upon its execution in Virginia and the residency of the policyholders." The record in its totality reveals that appellees asserted the insurance contract was controlled by application of Virginia law, and in essence attempted to prove such law differed from that of Georgia (OCGA § 33-7-12 (a)) as to the issue of notice of lack of an insured's consent to settlement. The record also reflects appellant posed a timely objection at the motion hearing regarding appellees' "argument about Virginia," on the grounds of the delayed serving of a certain affidavit containing an expression of opinion as to Virginia law, as appellant's counsel had "not had an opportunity to deal with [the contents of the affidavit] in any fashion." The trial court subsequently stated it would not consider the affidavit. But, appellees' counsel also stated during the course of the hearing that "[t]here is no . . . statute in Virginia" similar to OCGA § 33-7-12 (a). The objection posed by appellant, which included an assertion of lack of time to deal with the contents of the affidavit, is sufficiently broad to encompass not only an objection as to untimely affidavit serving but also as to lack of reasonable notice of intent to raise an issue of foreign law. "A party who intends to raise an issue concerning the law of another state . . . shall give notice in his pleadings or other reasonable written notice." OCGA § 9-11-43 (c).

Although neither case is directly in point, under the attendant circumstances, we find *Plant v. Trust Co. of Columbus*, 164 Ga. App. 387 (297 SE2d 37) more persuasive than *Shannon v. Toronto-Dominion Bank*, 168 Ga. App. 279 (308 SE2d 682). In this case, no formal notice was given of appellees' intent to raise the issue of foreign law by way of pleadings or otherwise. The record reflects that the first notice appellant received was when he was served the morning of the motion hearing with defendants' reply brief to plaintiff's brief in opposition to defendants' motion for summary judgment and accompa-

nying affidavit of the Allstate employee. Although this affidavit had been filed four days earlier, such procedure standing alone would not under the attendant facts provide reasonable notice, as appellant was afforded no reasonable period of time in which to research and prepare to litigate the Virginia law issue. It appears the legislature intended that an opposing party be given reasonable notice to provide adequate preparation time for litigation of foreign law issues. Reasonable notice was not provided in this instance. Compare *Fortson v. Fortson*, 204 Ga. App. 827, 828 (1) (421 SE2d 106). "Where a party has failed to provide sufficient notice of intent to rely upon foreign law, the law of this state shall apply." Id. This is a lex fori rule "separate from those rules allocating burdens of proof at trial and on motion for summary judgment." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1) (343 SE2d 680).

In granting summary judgment the trial court concluded that it appeared plaintiff has retained the proceeds of the settlement, and that the instant action is barred by the doctrine of accord and satisfaction. The only reasonable inference that can be drawn from the record is that after cashing the settlement check appellant retained the proceeds; no reasonable inference to the contrary can be drawn from this record. Further, at the motion hearing, appellees' counsel stated in his place, without contradiction: "But I don't think there [is any] dispute that he signed the check and retained the proceeds." The ruling of the trial court is not incorrect on its face. Compare *Hardigree v. McMichael*, 181 Ga. App. 583, 584 (1) (353 SE2d 78), holding that " '[t]he delivery and acceptance of a check as a stated amount in full . . . settlement of a claim, whether the amount of the claim is established or uncertain, amounts to an accord and satisfaction.' "

By advancing adequate evidence of an accord and satisfaction by way of final settlement and thereby pointing out by reference to the affidavits and other documents in the record that there is an absence of evidence to support the nonmoving appellant's case, appellees discharged their burden under current summary judgment law; they successfully pierced appellant's pleadings. *Lau's Corp.*, supra at 491. When a moving party so discharges its burden, "the nonmoving party cannot rest on its pleadings, but rather must point to *specific evidence* giving rise to a triable issue." (Emphasis supplied.) Id. This appellant has not done. Appellant has failed to point to any specific evidence establishing that OCGA § 33-7-12 (a) is the Georgia law presumed to be applicable in this case. First, appellant has failed to point to any specific written policy provision, contained in the record, establishing that the insurance contract contained a provision vesting insurer with the right to compromise or settle, this being a statutory prerequisite under OCGA § 33-7-12 (a). Secondly, appellant has

failed to point to any specific evidence of record establishing that the settlement was in fact reached without the consent of the insured. Thus, appellant failed to point to specific evidence giving rise to a triable issue and supporting his claim that settlement was null and void pursuant to OCGA § 33-7-12. Further, "a grant of summary judgment must be affirmed . . . if it is right for any reason." *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 423 (3) (405 SE2d 61).

*Henry v. Anderson*, 164 Ga. App. 110 (296 SE2d 410) and *Garrett v. Heisler*, 149 Ga. App. 240 (253 SE2d 863) are distinguishable as each was based on the summary judgment law pertaining to movants/defendants prior to *Lau's Corp.*, supra.

In view of this holding, we need not address appellees' assertions that appellant is seeking an unauthorized double recovery and that OCGA § 33-7-12 (a) is designed for the protection of an insured and does not on its face apply to situations not involving the claims of an insured.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Jett & Liss, Joel I. Liss*, for appellant.
*Long, Weinberg, Ansley & Wheeler, John K. Train IV, Earl W. Gunn*, for appellees.