A94A1602. SAMAY v. SOM.
(446 SE2d 230)

BIRDSONG, Presiding Judge.

This is a discretionary appeal by Benson Samay of the trial court's order granting appellee/plaintiff Sophat Som's motion for reconsideration, which reinstated a judgment entered against appellant Samay. (Appellant's direct appeal in Case No. A94A1475 has been withdrawn.) The order rescinded, by grant of the motion for reconsideration, had declared void the original judgment on grounds of improper service of process. Appeal was granted as to three issues. *Held*:

1. Can process served pursuant to OCGA § 9-10-94 be served only by a person authorized to serve process under OCGA § 9-11-4 (c)? Appellant contends that under OCGA § 9-10-94, service under the Long Arm Statute, there are two process server requirements: the process server must be a person listed in OCGA § 9-11-4 (c) and the process server must also be allowed to serve process under the law of the foreign jurisdiction.

OCGA § 9-10-94 pertinently provides: "A person subject to the jurisdiction of the courts of the state under Code Section 9-10-91 [Long Arm Statute] . . . *may* be served with a summons outside the state in the same manner as service is made within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." (Emphasis supplied.) OCGA § 9-11-4 provides, inter alia, for the *manner* of service and *by whom* process can be served in this state.

OCGA § 9-10-94 is clear and unambiguous on its face. Where, as here, the language of a statute is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry. *Diefenderfer v. Pierce*, 260 Ga. 426, 427 (396 SE2d 227). OCGA § 9-10-94 by its terms provides that the *manner* of service *may* be as provided by law

"within the state" of Georgia. A proper *manner* of service therefore generally may be effected when executed in the form provided by the law of this state, that is, as expressly provided by OCGA § 9-11-4 or elsewhere in the Code. See *Marbury v. Marbury*, 256 Ga. 651, 652 (1) (352 SE2d 564). (OCGA § 9-11-4 (i), pertaining to alternative service, provides that the methods of service in said Code section are cumulative with other methods in other statutes.) Thus, the Supreme Court has generalized that "[a] person subject to the jurisdiction of the Georgia courts under the long arm statute *may* be served with a summons outside the state in the same *manner* as service is made within the state." (Emphasis supplied.) *Braden v. Braden*, 260 Ga. 269, 270 (392 SE2d 710); compare *Rose v. Ryan*, 209 Ga. App. 160, 162 (2) (433 SE2d 291) (no return or proof of service shown as required under either Alabama or Georgia law); *Bowers v. Economation, Inc.*, 208 Ga. App. 661, 663 (431 SE2d 420) (to perfect service under the Long Arm Statute summons is to be served in same *manner* as service within the state). Of course, *manner* of service must in all cases meet the constitutional requirements of due process. Compare *McDade v. McDade*, 263 Ga. 456 (435 SE2d 24). Additionally, OCGA § 9-10-94 sets forth by its terms those persons who are qualified to effectuate a service of process under the Long Arm Statute; the "person" who may effectuate such service shall include "any person authorized . . . by the laws of the state . . . in which service is made." That is, the "person" who effectuates the prescribed method of service either must be a person authorized to do so under the law of the sovereign *in which service is made* or be a duly qualified attorney, solicitor, barrister, *or the equivalent in such jurisdiction.* Thus, "[s]ervice under the long arm statute is made by any person authorized to make service by the laws of the foreign jurisdiction or by any duly qualified attorney, solicitor, barrister or equivalent in such jurisdiction." Ga. Prac. & Proc. (6th ed.), p. 210, § 8-13; compare *Shahan v. Scott*, 189 Ga. App. 514, 515 (376 SE2d 221) (record does not establish service made by West Virginia process server in accordance with laws of that state); see also *Denny v. Croft*, 195 Ga. App. 871 (2) (395 SE2d 72); cf. *American Photocopy Equip. Co. v. Lew Deadmore & Assoc.*, 127 Ga. App. 207, 208-209 (1) (193 SE2d 275).

Appellant's reliance on *Lee v. Pace*, 252 Ga. 546, 547 (2) (315 SE2d 417) (publication combined with mailing of notice and complaint by certified mail constituted proper service) and *Bailey v. Hall*, 199 Ga. App. 602, 604 (2) (405 SE2d 579) (complaint and process sent by certified mail without publication was ineffective) is misplaced. These cases are distinguishable; the pertinent issue addressed in these cases was whether the *manner* of service was proper.

Accordingly, we decline to accept appellant's contention that process served pursuant to OCGA § 9-10-94 must always be served by a

person authorized to serve process under OCGA § 9-11-4 (c).

2. Is notice of intent to rely on foreign law required to be made before a trial court may take, either sua sponte or on request of a party, judicial notice of the law of another state pursuant to OCGA § 24-1-4; and, if such notice is required, does OCGA § 9-10-94 on its face provide such "other reasonable written notice" within the meaning of OCGA § 9-11-43 (c)? Even as to the issue of who can serve process under the Long Arm Statute, the law of Georgia as to service would apply in the absence of admissible proof or authorized judicial recognition of the sister state statute pertaining thereto. *Maxwell v. Columbia Realty Venture*, 155 Ga. App. 289, 291 (3) (270 SE2d 704).

(a) Several statutes have been promulgated in this state pertaining to the judicial determination of foreign law of other jurisdictions. Statutes should be construed in pari materia with other statutes and courts should strive to give effect to the purpose of a statute. *Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 354 (1d) (392 SE2d 881). There exist three separate Code sections (OCGA §§ 9-11-43 (c); 24-1-4; and 24-7-24) pertaining to the methods by which foreign law can be judicially determined. *Meeker v. Eufaula Bank &c.*, 208 Ga. App. 702, 703 (2) (431 SE2d 475). The first sentence of OCGA § 9-11-43 (c) provides that "[a] party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice." Construing the above statutes in pari materia it appears that before a *party* can raise an issue of foreign law, relevant to any substantive, evidentiary, procedural or jurisdictional issue in a case, such reasonable notice must be given; this notice is a condition which must be met (*Souchak v. Close*, 132 Ga. App. 248 (1) (207 SE2d 708)) before a *party* can establish a particular foreign law by compliance with any of the three statutory means above cited, or before a party can cause a duty to be imposed on a court to judicially recognize any relevant, existing foreign law (as published authority) whether or not the party produced it. OCGA § 9-11-43 (c); see *Meeker v. Eufaula Bank*, supra; *Swafford v. Globe American Cas. Co.*, 187 Ga. App. 730, 732-733 (1) (371 SE2d 180). This interpretation is consistent with legislative intent to require notice of intent to rely upon foreign law to give both the court and opposing party adequate preparation time for the litigation of the foreign law issue. *Wade v. Crannis*, 209 Ga. App. 501, 503 (2) (433 SE2d 669); *Souchak*, supra at 251. We therefore conclude that notice of intent to rely on foreign law is required before a *party* can establish such law in accordance with any of the three statutory methods or place a duty on the trial court to judicially recognize foreign law as published by authority.

(b) As a general rule neither the lower court nor this court can take judicial notice of the law of a sister state when the record dis-

closes that a party has not given notice in their pleadings or other reasonable written notice of their intent to raise the foreign law issue. *White v. Orr Leasing*, 210 Ga. App. 599, 602 (3) (436 SE2d 693); *Lauer v. Bodner*, 137 Ga. App. 851, 854 (2) (225 SE2d 69). However, under the facts of this case, there is justification for departing from this general rule. See Division 2 (c), below.

(c) The superior court ruled that, as a matter of law, appellee/ plaintiff Som did not have to give notice of intent to litigate foreign law issues, as the OCGA § 9-10-94 "already gives notice and provides that the laws of the foreign jurisdiction as they relate to service will be used and applied." This issue is one of first impression for this court. As recognized in *Wade* and *Souchak*, supra, the purpose of the notice requirement is to give the court and parties adequate preparation time to litigate the foreign law issue. As above discussed, while OCGA § 9-10-94 on its face establishes that the *method* of service must conform to the laws of this state, nevertheless, the issue of who may serve process was intended by the legislature to be determined by the law of the foreign jurisdiction "in which service is made." Likewise, even the question whether service can be *made*, under OCGA § 9-10-94, by a "duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction" requires that any issues as to the server's professional qualification or professional equivalency be controlled by the law of the state "in which service is made." Additionally, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process are subject to waiver unless timely raised in accordance with OCGA § 9-11-12 (h). See generally *Orkin Exterm. Co. v. Morrison*, 187 Ga. App. 780 (3) (371 SE2d 407); *Boyer v. King*, 129 Ga. App. 690 (200 SE2d 906). No issue of foreign law pertaining to sufficiency of long arm process service will arise during the course of litigation, unless the defendant timely raises such issue as prescribed by law. Thus, defendant will always have *actual knowledge* when an issue of foreign law, pertaining to adequacy of service of long arm process, will be litigated and will therefore have a *reasonable opportunity* to prepare for such litigation. Accordingly, we find that OCGA § 9-10-94, perforce provides the requisite notice of intent to prove foreign law, as pertains to the issue of by whom service of process can be made thereunder. "[A] judgment right for any reason must be affirmed. [Cit.]" *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673).

In view of our holding, we need not determine whether as an exception to the general notice requirement discussed in Division 2 (b), above, a court can as necessary in aid of its jurisdiction take judicial notice sua sponte of the existence of foreign law thereby establishing the adequacy of service of process. Ga. Const. 1983, Art. VI, Sec. I, Par. IV.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 12, 1994 —

*Sawyer & Sawyer, H. Kimbrell Sawyer III*, for appellant.
*Ronald C. Goulart, Gearhiser, Peters & Horton, Robert L. Lockaby, Jr.*, for appellee.