A96A0203. P. G. L. & C. C. EMPLOYEES CREDIT UNION
v. KIMBALL.
(470 SE2d 501)

BLACKBURN, Judge.

P. G. L. & C. C. Employees Credit Union (the Credit Union) appeals the trial court's order denying its motion to domesticate a foreign judgment. The Credit Union asserts that the trial court erred in requiring proof that the state in which its foreign judgment was entered had adopted the Uniform Enforcement of Foreign Judgments Act in substantially the same form as Georgia.

On February 27, 1995, the Credit Union filed with DeKalb County State Court its motion to domesticate a judgment rendered in its favor in Illinois. See OCGA § 9-12-130 et seq. OCGA § 9-12-138 provides that Georgia's Uniform Enforcement of Foreign Judgments Law (UEFJL) "shall apply to foreign judgments of other states *only if* those states have adopted the 'Uniform Enforcement of Foreign Judgments Act' in substantially the same form as this article." (Emphasis supplied.) "Where, as here, the language of a statute is plain and does not lead to any absurd or impracticable consequences, the court simply construes it according to its terms and conducts no further inquiry." *Samay v. Som*, 213 Ga. App. 812 (1) (446 SE2d 230) (1994). By its clear and unambiguous terms, OCGA § 9-12-138 provides a prerequisite for the use of Georgia's UEFJL. Therefore, we agree with the trial court that a determination as to whether Illinois had adopted the Uniform Enforcement of Foreign Judgments Act in substantially the same form as Georgia's UEFJL was required.

The Credit Union next argues that the trial court should have taken judicial notice of Illinois's UEFJL. In *Samay*, supra at 814, we construed the three Code sections, OCGA §§ 9-11-43 (c), 24-1-4, and 24-7-24,[1] which pertain to the methods to judicially determine for-

---

[1] "OCGA § 24-7-24, dealing with the authentication of foreign laws or judicial records, provides perhaps the most certain method of producing admissible evidence of another state's law. OCGA § 24-1-4 allows judicial cognizance, without the introduction of such proof, of the laws of other states 'as published by authority.' OCGA § 9-11-43 (c), the most recently enacted of the three statutes, requires reasonable notice by the party relying upon foreign law, and provides that '(t)he court, in determining such law, may consider any relevant ma-

eign law. Therein, we held "that notice of intent to rely on foreign law is required before a *party* can establish such law in accordance with any of the three statutory methods *or place a duty on the trial court to judicially recognize foreign law as published by authority.*" (Emphasis in original and supplied.) Id. at (2) (a). Our holding was consistent with the legislature's goal of giving the opposing party and the court adequate time to prepare for litigation of a foreign law issue. Id. However, we went on to hold that under the facts of that case, OCGA § 9-10-94, pertaining to adequacy of service of long arm process, provided the requisite notice of intent to prove foreign law, because the plaintiff was aware of its reliance on foreign law and "[n]o issue of foreign law pertaining to sufficiency of long arm process service [would] arise . . . unless the defendant timely raise[d] such issue as prescribed by law. Thus, defendant will always have *actual knowledge* when an issue of foreign law, . . . will be litigated and will therefore have a *reasonable opportunity* to prepare for such litigation." (Emphasis in original.) Id. at 815 (2) (c). Similarly, in the present case, we find that by the very nature of the action, domestication of a foreign judgment, all parties and the court had notice that foreign law would be relied upon. This interpretation is likewise consistent with the legislative intent of giving all parties adequate opportunity to prepare to litigate foreign law issues. Therefore, the Credit Union's failure to file a notice of intent to rely on Illinois's UEFJL is not fatal to its position.[2]

"In further considering the applications of OCGA §§ 24-1-4 and 9-11-43 (c) in *Swafford v. Globe American Cas. Co.*, 187 Ga. App. 730 (371 SE2d 180) (1988), this court noted that the historic basis for requiring proof or authentication of foreign law, i.e., the inaccessibility of published authority of such foreign law, no longer existed. We went on to hold that where a party gives reasonable notice of intent to rely on foreign law, the trial court has a duty, as well as the right, to refer to and consider the foreign law 'as published by authority,' whether or not the party produced it." *Meeker*, supra at 704.

In the present case, we have determined that a plaintiff's use of OCGA § 9-12-130 et seq. to domesticate a foreign judgment perforce provides the requisite notice of intent to rely on foreign law. We further find that "[u]nder OCGA § 24-1-4, a trial court has a *duty* to take judicial notice of foreign law if 'published by authority,' without in-

---

terial or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as·a ruling on a question of law.'" *Meeker v. Eufaula Bank &c.*, 208 Ga. App. 702, 704 (431 SE2d 475) (1993).

[2] We note that the Credit Union did file a notice of intent to plead and prove law of Illinois with regard to Ill. Rev. Stat. § 735-5/2-101 (2) regarding venue; Ill. Rev. Stat. § 735-5/2-301 (a) regarding special appearances; and Ill. Rev. Stat. § 735-5/13-206 regarding statute of limitation.

troduction of any proof of that law." (Emphasis supplied.) Id. Because the use of OCGA § 9-12-130 et seq. to domesticate a foreign judgment requires proof that the state in which the foreign judgment was entered adopted the Uniform Enforcement of Foreign Judgments Act in substantially the same form as Georgia, and such foreign law would be published by authority, it is the trial court's duty to take judicial notice of it.

This Court's research indicates that Illinois has adopted a Uniform Enforcement of Foreign Judgments Act in substantially the same form as Georgia. See Ill. Rev. Stat. 735-5/12-650 et seq. Therefore, the trial court erred in denying the Credit Union's motion to domesticate its foreign judgment.

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 4, 1996.

*Robert A. Fierman,* for appellant.
*Robert L. Mack, Jr.,* for appellee.