## A98A1005. LEMON v. MARTIN.
### (502 SE2d 273)

ELDRIDGE, Judge.

On August 13, 1994, Carl A. Lemon, deceased, was a social guest at rental property owned by John Martin, defendant-appellee. The deceased and his wife, Alice Johnson-Lemon, plaintiff-appellant, were guests of plaintiff's sister, Wanda Gatrell and her husband, John, the defendant's tenants, and had been invited to a barbeque there and to swim in the pool maintained on the rental property. The home was at 6827 Rockbridge Road, Stone Mountain, DeKalb County, and the pool was subject to DeKalb County regulation. The deceased dove into the pool, which had no depth markings, and received what appeared to be a head injury prior to drowning. All the people present were non-swimmers, and the deceased drowned because the non-swimmers had no way to rescue or to assist the deceased before he drowned. The pool had not been maintained with appropriate rescue equipment, i.e., safety flotation devices, shepherd's hook, or life line, which could have saved the deceased or allowed the non-swimmers to enter the pool safely to save the deceased prior to his drowning. Despite the efforts of the plaintiff to reach her drowning husband, without safety equipment he sank to the bottom of the pool and drowned before he could be reached.

Defendant had the pool built in 1979, while he lived there, and knew that the pool had no visible depth markings. Defendant later moved to Walton County but kept the home as rental property. When the Gatrells rented the property, they asked defendant for the depth of the pool; however, defendant did not know the depth and told them that he would have the depth measured. He never did. However, defendant testified that he told Mr. Gatrell the depth of the pool. As such, there is a conflict with testimony. Defendant never furnished the pool with appropriate safety equipment, either during his resi-

dency or during the rental of the property. Under the terms of the lease, defendant expected that the pool would be used by the tenants and their guests.

Mr. Gatrell testified that he discussed with the deceased where the deep end began just prior to leaving for work that day and showed him which was the deep end of the pool, but did not tell him the depth of the pool prior to the deceased's diving into the pool. Mr. Gatrell was uncertain as to the depth of the pool in the deep end. He just estimated the depth at six to eight feet. The deceased did not know how deep the pool was. The deceased had never been in the pool prior to the time that he died. On the day that the deceased drowned, Mr. Gatrell had to suddenly leave his guests because of a work emergency and was not present when the drowning occurred. No one was in the pool when he left, nor had they been that day. The drowning occurred four or five hours after Mr. Gatrell left.

Defendant was sued on August 1, 1996, for wrongful death and recoverable administratrix's damages. Defendant was personally served on August 6, 1996. Defendant timely answered on September 5, 1996. On October 2, 1997, defendant filed a motion for summary judgment. Plaintiff filed a response along with the affidavit of expert witness Theodore R. Boyette in opposition on October 29, 1997.

Mr. Boyette, from his curriculum vitae, qualified as an expert witness as to water safety and proper pool management. Based upon the facts stated in the complaint, he gave the expert opinion that the defendant breached the standard of care, which caused injury to the deceased by: "1. [f]ailing to have safety equipment around the swimming pool or upon the property for others to aid a drowning victim; 2. [f]ailing to have adequate warnings to place probable users on notice of the dangers associated with swimming and diving; 3. [f]ailing to conform a leased public pool to the swimming pool regulations of DeKalb County." He went on to testify that "[w]hen a swimming pool is in operation for profit upon a commercial property, even if it is leased as a private residence, it should at least have a safety line, a light but strong pole or shepherd's crook and a throwing buoy with length equal to the width of the pool so that swimmers might be aided in a drowning situation. Furthermore, numbers should be tiled or painted on the side and top of the pool edge to warn swimmers and divers of the depth of the pool in various locations. . . . Had the swimming pool devices and warnings been available, the average user would have notice of the dangers associated with swimming and diving and would have been capable of being rescued in the event of drowning. . . . Defendant's omission in providing warnings and safety equipment deviate from the ordinary care necessary to protect swimmers and non-swimmers from the hidden dangers associated with swimming and diving."

After oral argument, the trial court granted summary judgment. Plaintiff filed a timely notice of appeal.

The plaintiff's enumeration is that the trial court erred in granting defendant's motion for summary judgment. We agree.

1. The first issue that must be addressed is whether or not the DeKalb County pool rules and regulations have been judicially determined for purposes of negligence per se. OCGA § 9-11-43 (c) states: "[a] party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the rules of evidence. The court's determination shall be treated as a ruling on a question of law." In the complaint, plaintiff pled the DeKalb County pool regulations, which satisfied the requirements of notice to the court and opposite party. See *P. G. L. & C. C. Employees Credit Union v. Kimball*, 221 Ga. App. 108, 109 (470 SE2d 501) (1996); *Samay v. Som*, 213 Ga. App. 812, 814-815 (2) (a), (b) (446 SE2d 230) (1994); *Wade v. Crannis*, 209 Ga. App. 501, 503 (2) (433 SE2d 669) (1993); *Fortson v. Fortson*, 204 Ga. App. 827, 828 (1) (421 SE2d 106) (1992).

"A party intending to rely upon a foreign law is not required to provide the court with copies of that law; rather, they must only provide notice of their intent to do so in the pleadings or otherwise." *Fortson v. Fortson*, supra at 828. "We therefore conclude that notice of intent to rely on foreign law is required before a *party* can establish such law in accordance with any of the three statutory methods or place a duty on the trial court to judicially recognize foreign law as published by authority." (Emphasis in original.) *Samay v. Som*, supra at 814. "[W]here a party gives reasonable notice of intent to rely on foreign law, the trial court has a duty, as well as the right, to refer to and consider the foreign law 'as published by authority,' whether or not the party produced it." *Meeker v. Eufaula Bank &c.*, 208 Ga. App. 702, 704 (2) (431 SE2d 475) (1993); see also *P. G. L. & C. C. Employees Credit Union v. Kimball*, supra at 109; *Swafford v. Globe American Cas. Co.*, 187 Ga. App. 730 (371 SE2d 180) (1988). "There exist three separate Code sections (OCGA §§ 9-11-43 (c), 24-1-4, and 24-7-24) pertaining to the methods by which foreign law can be judicially determined. [Cit.]" *Samay v. Som*, supra at 814.

While a municipal or county ordinance, for purposes of proof, is treated as foreign law, such law cannot be judicially noticed by any court other than the court of such jurisdiction, because the ordinance is not "published by authority." See generally *Oliver v. City of Macon*, 241 Ga. 306 (245 SE2d 280) (1978); *Leger v. Ken Edwards Enterprises*, 223 Ga. 536 (156 SE2d 651) (1967); *Poole v. State*, 229 Ga. App. 406, 409 (2) (494 SE2d 251) (1997); *Dudley v. State*, 161 Ga.

App. 310, 311 (1) (287 SE2d 763) (1982); *Dix v. State*, 156 Ga. App. 868 (275 SE2d 807) (1981); *Owens v. State*, 153 Ga. App. 525, 527 (2) (265 SE2d 856) (1980) (physical precedent only); *Livingston v. Schneer's Atlanta*, 61 Ga. App. 637 (7 SE2d 190) (1940); *Slaughter v. City of LaGrange*, 60 Ga. App. 555 (4 SE2d 410) (1939). Likewise, rules and regulations of a state agency, county, municipality, or private agency, unless "published by authority," cannot be judicially noticed. *Joel Properties v. Reed*, 203 Ga. App. 257 (416 SE2d 570) (1992); *Beall v. Dept. of Revenue*, 148 Ga. App. 5 (251 SE2d 4) (1978); *Staggers v. State*, 119 Ga. App. 85 (166 SE2d 411) (1969); *Davis v. General Gas Corp.*, 106 Ga. App. 317 (126 SE2d 820) (1962); *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252 (76 SE2d 536) (1953). The rules, regulations, and ordinances stand in the same status as private acts so that they must be pled and proved. *Childers v. Richmond County*, 266 Ga. 276 (467 SE2d 176) (1996); *Mayor &c. of Savannah v. TWA, Inc.*, 233 Ga. 885 (214 SE2d 370) (1975); *Knutzen v. O'Leary*, 210 Ga. App. 590 (437 SE2d 347) (1993). If the ordinance or regulations are set forth verbatim in the pleadings or an uncertified copy is attached to the complaint and the defendant admits the ordinance or regulations in the answer, the uncertified copy or the verbatim pleading of the ordinance or regulations are part of a verified complaint, or certified copies were part of the complaint, then the ordinance or regulations have been proven. See *Leger v. Ken Edwards Enterprises*, supra at 539; *Slaughter v. City of LaGrange*, supra. In this case, no certified copy of the county rules and regulations was tendered into evidence; no admissible copy of the rules and regulations was tendered into evidence; and no stipulation as to the rules and regulations was made. See OCGA § 24-7-24; *Dudley v. State*, supra at 311; *Beall v. Dept. of Revenue*, supra at 8. Under OCGA § 9-11-43 (c), the trial judge may consider testimony or other relevant material or source to prove the rules and regulations; however, plaintiff introduced none of these. Therefore, the trial court properly excluded consideration of the regulations of DeKalb County, which were pled but not proved. For this reason, too, the portion of the expert's affidavit that states: "[f]ailing to conform a leased pool to the swimming pool regulations of DeKalb County," was properly excluded from consideration.

2. However, the trial court should have considered the affidavit of plaintiff's expert witness, because this evidence created factual issues as to the deceased's knowledge of a latent defect and as to the landlord's liability for his allegedly negligent creation and maintenance of latent defects, which arose from his construction of the pool and his failure to properly equip the pool perpetuated. See OCGA § 44-7-14; *Colquitt v. Rowland*, 265 Ga. 905 (463 SE2d 491) (1995); *Robertson v. Liggett Drug Co.*, 81 Ga. App. 850 (60 SE2d 268) (1950);

*Oglesby v. Rutledge*, 67 Ga. App. 656 (21 SE2d 497) (1942); *Monahan v. Nat. Realty Co.*, 4 Ga. App. 680 (62 SE 127) (1908). The affidavit of plaintiff's expert witness in opposition to the motion for summary judgment satisfied the burden of coming forward with some evidence that created material issues of fact for jury determination as to a breach of duty by the landlord, causation, and the deceased's exercise of ordinary care for his own safety. See OCGA § 9-11-56 (e); *Paulin v. Okehi*, 264 Ga. 604 (449 SE2d 291) (1994); *McGinnis v. Admiral Moving &c. Co.*, 223 Ga. App. 410 (477 SE2d 841) (1996); *Butler v. Huckabee*, 209 Ga. App. 761 (434 SE2d 576) (1993); *Coates v. Mulji Motor Inn,* 178 Ga. App. 208 (342 SE2d 488) (1986). Since plaintiff failed to prove the DeKalb County regulations, then *Holbrook v. Exec. Conference Center,* 219 Ga. App. 104 (464 SE2d 398) (1995) is not controlling as to the existence of negligence per se. However, plaintiff's expert stated that the failure to have depth markings and safety equipment was a latent defect as a failure to exercise ordinary care under common law negligence. Causation is an essential element of both negligence per se and common law negligence. Therefore, *Holbrook v. Exec. Conference Center,* supra at 107-108, controls as to the creation of a jury issue as to causation under the similar facts and circumstances of this case.

"An expert may give his opinion merely because he is an expert [OCGA § 24-9-67], and any witness may give his opinion if he testifies to the facts on which such opinion is based [OCGA § 24-9-65], but in no case where the facts are before the trior of facts can it be said that a judgment is demanded as a matter of law based upon the opinions expressed, for the trior of facts may arrive at a different conclusion based upon the evidence introduced and is not bound by the opinion testimony. [Cits.] . . . [O]pinion evidence adduced by the respondent is sufficient to preclude the grant of a summary judgment[.] [Cit.]" *Harrison v. Tuggle*, 225 Ga. 211, 212-213 (167 SE2d 395) (1969); see also *Dickson v. Dickson*, 238 Ga. 672 (235 SE2d 479) (1977); *Aetna Cas. &c. Co. v. Cowan Supply Co.*, 125 Ga. App. 155 (186 SE2d 556) (1971). Therefore, the trial court erred in granting summary judgment when there existed material issues of fact for jury determination.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 23, 1998 —
RECONSIDERATION DENIED MAY 20, 1998 —

*A. Russell Blank*, for appellant.
*Gray & Hedrick, L. Bruce Hedrick*, for appellee.