S02G1262. SIX FLAGS OVER GEORGIA II, L.P. v. KULL.
(576 SE2d 880)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Kull v. Six Flags Over Ga.*, 254 Ga. App. 897 (564 SE2d 747) (2002), to determine whether OCGA § 9-11-43 (c) requires written notice of intent to rely

on federal OSHA[1] law. We answer in the negative and reverse a contrary ruling in *Kull*, supra at (3).

Kull's employer, Mahalo Advertising, was under contract to repair and maintain an electrical scoreboard located on a softball field on property owned by Six Flags.[2] Kull, who was a technician for Mahalo, was injured while changing a lightbulb in the Six Flags scoreboard. Kull brought suit against Six Flags and others, alleging that his injuries resulted from negligence on the part of the defendants. Six Flags sought and was granted summary judgment. On appeal, Six Flags argued in part that Kull's actions constituted negligence per se because he violated OSHA guidelines. The Court of Appeals rejected the OSHA claim, sua sponte reasoning that Six Flags had not given proper notice under OCGA § 9-11-43 (c) of its intent to rely on federal OSHA regulations.[3] *Kull*, supra at (3).

OCGA § 9-11-43 (c) provides in pertinent part: "A party who intends to raise an issue concerning the law of *another state or of a foreign country* shall give notice in his pleadings or other reasonable written notice." (Emphasis supplied.) Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden. *City of Jesup v. Bennett*, 226 Ga. 606, 608 (2) (176 SE2d 81) (1970). "In the absence of words of limitation, words in a statute should be given 'their ordinary and everyday meaning.' [Cit.]" *Risser v. City of Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982). See also OCGA § 1-3-1 (b); *City of Roswell v. City of Atlanta*, 261 Ga. 657 (1) (410 SE2d 28) (1991).

By its terms, the statutory notice requirement of OCGA § 9-11-43 (c) applies only to the introduction of "law of another state or of a foreign country," not to the law of the United States such as the OSHA provisions relied upon by Six Flags. The purpose of the notice requirement "is to give the court and parties adequate preparation time to litigate the foreign law issue." *Samay v. Som*, 213 Ga. App. 812, 815 (1) (c) (446 SE2d 230) (1994). See also *Wade v. Crannis*, 209 Ga. App. 501 (2) (433 SE2d 669) (1993); *Souchak v. Close*, 132 Ga. App. 248 (1) (207 SE2d 708) (1974). There is a vast distinction between the treatment of foreign laws, which have no force in Georgia except on principles of comity, OCGA § 1-3-9, and federal law which is inherently binding on the states by virtue of the Supremacy Clause, Art. VI, of the United States Constitution. See also OCGA § 24-1-4 (federal law is "judicially recognized without the introduction of proof"). Because federal laws of general application are "capa-

---

[1] Occupational Safety and Health Administration Compliance Assistance Authorization Act of 1998, 29 USC § 651, 29 CFR § 1910 et seq.

[2] The facts are more fully set out in *Kull*, supra.

[3] This failure to provide notice was neither raised nor briefed by the parties.

ble of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy," (punctuation and emphasis omitted) *Sims v. Southern Bell Tel. &c. Co.*, 111 Ga. App. 363, 365 (141 SE2d 788) (1965), an adverse party is not disadvantaged by lack of notice of intent to rely on such authority. Accordingly, we hold that OCGA § 9-11-43 (c) does not require notice of intent to rely on federal law. To the extent that *Kull*, supra at (3) states a contrary rule, it is hereby reversed.

Because the Court of Appeals erroneously determined that lack of notice prevented Six Flags from relying on its OSHA defense, that court failed to reach the question of whether OSHA regulations apply to this litigation, and if so whether the evidence compels a finding that Kull was contributorily negligent per se. This issue must be decided in order to determine whether the grant of summary judgment was appropriate. Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Kirkley & Payne, Dorothy Y. Kirkley, Julie R. Schwartz, Alston & Bird, A. McCampbell Gibson, Heather R. Peoples*, for appellant.

*Shivers & Associates, Joseph D. Perrotta, Northcutt, Edwards & Feingold, Louis R. Feingold, King & Hobbs, Joseph H. King, Jr.*, for appellee.