## S05G0878. THE STATE v. PONCE.
(619 SE2d 682)

HUNSTEIN, Presiding Justice.

We granted the State's petition for writ of certiorari to consider whether the Court of Appeals correctly found that Georgia's statutory or regulatory scheme concerning the safety inspection of commercial vehicles failed to provide a constitutionally adequate substitute for a warrant. *Ponce v. State*, 271 Ga. App. 408 (2) (609 SE2d 736) (2005). Although the Court of Appeals analyzed Georgia's statutory scheme, we need not reach that ruling because we find that the court improperly failed to consider Georgia's regulatory scheme. The Court of Appeals declined to consider rules and regulations promulgated or adopted by the commissioner of the Department of Motor Vehicle Safety, see OCGA §§ 46-7-26, 46-7-27, because the State "has not included in the record any rules and regulations that may have been promulgated by the commissioner regarding inspections of commercial vehicles," with a footnote reference to the holding in *Lemon v. Martin*, 232 Ga. App. 579, 581-582 (1) (502 SE2d 273) (1998). *Ponce*, supra, 271 Ga. App. at 413. However, under the Administrative Procedure Act, OCGA § 50-13-1 et seq., "[t]he courts shall take judicial notice of any rule which has become effective pursuant to this chapter." OCGA § 50-13-8. Neither the DMVS nor the Public Service Commission falls within the group of government entities explicitly excluded by OCGA § 50-13-2 (1) from the APA's provisions. Thus, rules and regulations promulgated pursuant to the APA by DMVS or the PSC and thereafter properly adopted by DMVS are required to be judicially noticed by the courts. OCGA § 50-13-8.[1]

Accordingly, we hereby vacate the holding of the Court of Appeals in Division 2 of *Ponce*, supra, and remand the case for that court's consideration of the constitutionality of the State's warrantless search of Ponce's commercial vehicle in light of this opinion.

*Judgment vacated and case remanded. All the Justices concur.*

---

[1] Nothing in *Lemon*, supra, 232 Ga. App. 581, supports a contrary holding. *Lemon* involved the issue of judicial notice of *county* ordinances. The pertinent judicial notice cases it cited either involved one of the government entities explicitly excluded by OCGA § 50-13-2 (1) from the APA's provisions, see *Beall v. Dept. of Revenue*, 148 Ga. App. 5 (251 SE2d 4) (1978) (State Personnel Board); *Staggers v. State*, 119 Ga. App. 85 (166 SE2d 411) (1969) (State Board of Education); or else pre-dated or relied on cases pre-dating the enactment of the APA in 1964. See *Davis v. Gen. Gas Corp.*, 106 Ga. App. 317 (126 SE2d 820) (1962); *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252 (76 SE2d 536) (1953); *Joel Properties v. Reed*, 203 Ga. App. 257 (416 SE2d 570) (1992) (refusing to take judicial notice of the "Georgia State Building Code" and citing in support of its ruling the 1953 case of *Atlanta Gas Light Co. v. Newman*, supra). To the extent language in *Lemon* or cases such as *Joel Properties v. Reed*, supra, 203 Ga. App. at 258 (1), can be read as authority for the proposition that the courts cannot take judicial notice of the rules and regulations of those state agencies that promulgate rules and regulations pursuant to the APA, that language is hereby disapproved.

DECIDED SEPTEMBER 19, 2005.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Tamara Nowlin, Assistant District Attorneys, Thurbert E. Baker, Attorney General, for appellant.*

*Jennifer S. Hanson, Bruce S. Harvey, David W. Martin, Kimberly A. Dymecki, for appellee.*

*Denise D. Fachini, District Attorney, amicus curiae.*