A07A0594. CITY OF ST. MARYS et al. v. FULFORD.
(649 SE2d 807)

BERNES, Judge.

Following our grant of their application for discretionary appeal, the City of St. Marys, Mayor Deborah Hase and members of the City Council appeal the trial court's order reversing the City Council's

---

decision to deny Mike Fulford's request to approve a minor subdivision. We reverse because the applicable City ordinances were not properly before the trial court.

The record shows that Fulford applied to the City's Planning and Zoning Commission to establish a four-lot minor subdivision on his property. The Commission determined that Fulford had met the zoning and subdivision requirements of the City ordinances and voted to recommend approval of the subdivision. At its September 12, 2005 meeting, the City Council heard from numerous persons opposing Fulford's subdivision request and then voted to deny the request.

Fulford appealed to the superior court.[1] The trial court held a bench trial in which both parties presented witnesses and introduced evidence. The trial court then entered its written order concluding that the City Council acted in an arbitrary, capricious, and discriminatory manner and that Fulford, having complied with the applicable zoning requirements, was entitled to have his request approved.

As a threshold but ultimately determinative matter, we note that the applicable City zoning ordinances do not appear in the appellate record and were not tendered into evidence below by either Fulford or the City. "It is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved." (Citations and punctuation omitted.) *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996). See OCGA § 24-1-4. Further, no part of the ordinances was alleged in a petition and admitted as true by the other party, so the ordinances were not before the trial court in this manner. *Monterey Community Council v. DeKalb County Planning Comm.*, 281 Ga. App. 873, 875 (1) (637 SE2d 488) (2006).

It is true that portions of the applicable ordinances were proven by testimony. See, e.g., *Ayers v. City of Atlanta*, 236 Ga. 543, 544-545 (224 SE2d 392) (1976) (trial court could decide case on the merits because municipal court judge recited applicable ordinance provision on record); *Lemon v. Martin*, 232 Ga. App. 579, 582 (1) (502 SE2d 273) (1998) (trial court may consider testimony and other materials to prove local regulations), rev'd on other grounds, *Martin v. Johnson-Lemon*, 271 Ga. 120 (516 SE2d 66) (1999), disapproved in part, *State v. Ponce*, 279 Ga. 651, n. 1 (619 SE2d 682) (2005). Nevertheless, in

---

[1] The City argues that Fulford was aggrieved by the subdivision procedure in the subdivision ordinance, which does not provide for appeal to the superior court, and that Fulford was required to file a mandamus action to the superior court rather than an appeal as contemplated in the zoning ordinance. See, e.g., *Dougherty County v. Webb*, 256 Ga. 474, 475 (1) (350 SE2d 457) (1986) (if the zoning ordinance does not prescribe the means of judicial review, mandamus is a proper remedy for reviewing the denial of conditional and special use permits). As neither of these ordinances is part of the appellate record, we are unable to evaluate this argument.

order for the trial court to determine, as it did, that "Fulford has complied with the requirements of the zoning district and is entitled to have the request approved," the ordinances setting forth those requirements needed to be properly before it. See *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997) (trial court cannot order city manager to comply with the terms of an ordinance not properly before the court); *Childers*, 266 Ga. at 277 (trial court erred in ordering appellants to comply with the terms of ordinance not properly before the court); *Monterey Community Council*, 281 Ga. App. at 876 (trial court erred in relying on ordinance not properly in the record). We are therefore constrained to reverse.

*Judgment reversed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 2007.

*Gary A. Bacon*, for appellants.
*James E. Stein*, for appellee.