## A11A1127. KENSINGTON PARTNERS, LLC et al. v. BEAL BANK NEVADA.
### (715 SE2d 491)

McFADDEN, Judge.

This appeal arises from the trial court's order granting summary judgment to Beal Bank Nevada on its suit on a promissory note and personal guaranties. Because there are no genuine issues of material fact, we affirm.

" 'Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant.' [Cit.]" *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791 (709 SE2d 336) (2011). So viewed, the evidence shows that on May 25, 2006, Kensington Partners, LLC executed a promissory note in favor of BankFirst in the principal amount of $7,345,000. Steven DeFrancis, David DeFrancis and Regis Haid, Jr., executed individual guaranties of the note. The note was also secured by a deed of trust to real estate located in Mississippi.

Beal Bank filed a complaint for breach of the promissory note and guaranty agreements, asserting that it had acquired the loan by assignment from the Federal Deposit Insurance Corporation ("FDIC"), acting as receiver for BankFirst. Beal Bank subsequently moved for summary judgment, supported by affidavits and the loan documents. After a hearing, the trial court granted the motion, awarding Beal Bank the principal sum of $6,977,750, plus interest and attorney fees. Kensington and the individual guarantors appeal.

1. The appellants contend that the trial court erred in granting summary judgment because there is no evidence that Beal Bank received a valid assignment of the loan documents. Although the appellants concede that the affidavits establish that the FDIC assigned the note to Beal Bank, they claim that Beal Bank has not shown that the assignment was valid because there is no evidence that BankFirst had failed or that the FDIC was appointed receiver of BankFirst. However, in their own trial court brief opposing the motion for summary judgment, Kensington and the guarantors expressly stated as matters of fact that "BankFirst . . . subsequently failed" and that "[w]hen BankFirst failed the [FDIC] was appointed receiver for the bank." "It is well established that a party may make admissions in judicio in their pleadings, motions and briefs." (Cita-

tions and punctuation omitted.) *Mitsubishi Motors Corp. v. Colemon*, 290 Ga. App. 86, 87 (1) (658 SE2d 843) (2008). What a party admits to be true in its pleadings may not subsequently be denied. *Aycock v. Calk*, 228 Ga. App. 172, 173 (491 SE2d 383) (1997). The factual admissions in judicio made by Kensington and the guarantors in their trial court brief are binding. See *Holmes v. Clear Channel Outdoor*, 298 Ga. App. 178, 183 (2) (679 SE2d 745) (2009); *Mitsubishi Motors*, supra.

Moreover, contrary to the appellants' claims, the evidence submitted in support of the motion for summary judgment shows that the FDIC was acting as receiver for BankFirst when it assigned the loan documents to Beal Bank. This evidence includes an affidavit providing that Beal Bank acquired the note and deed for valuable consideration by assignment from the FDIC as receiver of BankFirst; the written assignment of the deed from the FDIC to Beal Bank, which repeatedly identifies the FDIC as receiver for BankFirst; and a Note Allonge attached to the promissory note, identifying Beal Bank as the assignee and the FDIC as receiver for BankFirst. See *Milestone v. David*, 251 Ga. App. 832, n. 1 (555 SE2d 163) (2001) (an allonge is a paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself). Accordingly, the trial court did not err in finding that there was a valid assignment of the loan to Beal Bank. Compare *Green v. Cavalry Portfolio Svcs.*, 305 Ga. App. 843, 844 (700 SE2d 741) (2010) (trial court erred in granting summary judgment where no evidence that plaintiff had received valid assignment of contract rights).

2. The appellants contend that there is no evidence that the individual guaranties were also assigned to Beal Bank. Again, the contention is belied by the record. An affidavit of the portfolio manager of the loan servicing company for Beal Bank provides that the guaranties were transferred to Beal Bank by the FDIC as receiver for BankFirst in connection with the transfer of the note. Furthermore, the FDIC assignment of the deed of trust to Beal Bank also expressly assigned "such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note and/or the loan evidenced by the Note[.]" The individual guaranties clearly were such other documents or agreements that relate to the note.

In addition, a "transfer of the underlying principal obligation operates as an assignment of the guaranty. [Cits.]" *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 899 (4) (324 SE2d 746) (1984). Thus, even without an express assignment of the guaranties, the FDIC's assignment to Beal Bank of the note effectively operated as an assignment of the individual guarantors' obligations. See id.;

*Hazel v. Tharpe & Brooks, Inc.*, 159 Ga. App. 415, 415-416 (2) (283 SE2d 653) (1981).

The appellants seek to avoid this assignment of the guaranties by arguing that Mississippi law should apply and that, unlike Georgia law, Mississippi law is silent as to whether the transfer of the principal obligation operates as an assignment of the guaranties. The appellants, however, failed to give proper notice that they intended to raise an issue concerning Mississippi law. "OCGA § 9-11-43 (c) provides that 'a party who intends to raise an issue concerning the law of another state or of a foreign country shall give notice in his pleadings or other reasonable written notice.' " (Punctuation omitted.) *Godinger Silver Art Co. v. Olde Atlanta Marketing*, 269 Ga. App. 386, 389 (2) (604 SE2d 212) (2004). Kensington and the guarantors did not give written notice, in their pleadings or otherwise, that they intended to rely on Mississippi law. On the contrary, in their written response to the motion for summary judgment, they relied exclusively on Georgia law. The first mention of Mississippi law occurred at the hearing on the motion for summary judgment, when counsel for the appellants referenced it during his oral argument, but even then he failed to cite any specific case or statutory law supporting his argument. Under these circumstances, the notice was insufficient. See *Wade v. Crannis*, 209 Ga. App. 501, 502-503 (2) (433 SE2d 669) (1993) (notice of foreign law insufficient when first given on day of hearing in a brief opposing motion for summary judgment); *Fortson v. Fortson*, 204 Ga. App. 827, 828 (421 SE2d 106) (1992) (notice insufficient where first made at hearing on motion for directed verdict). "Where a party has failed to provide sufficient notice of intent to rely upon foreign law, the law of this state shall apply. [And] '[a]bsent proper introduction and proof of the law of a sister state, . . . it is presumed that such foreign law is the same as that of Georgia.' [Cit.]" *Fortson*, supra at 828-829. Accordingly, the appellants have not shown any error in the application of Georgia law. See *Imaging Systems Intl. v. Magnetic Resonance Plus*, 227 Ga. App. 641, 642 (1), n. 1 (490 SE2d 124) (1997) (although contract stated that it was to be construed under California law, Georgia law applied because California law was not properly pled pursuant to OCGA § 9-11-43 (c)).

3. Kensington and the guarantors contend that summary judgment was improper because there are genuine issues of material fact as to the amount of the outstanding indebtedness and calculation of the interest due. The contentions are without merit.

In two affidavits, the portfolio manager affirmatively set forth the principal balance and interest outstanding on the note. He averred that the business records relating to the subject loan were transferred and delivered to Beal Bank from the FDIC as receiver for

BankFirst; that the records were obtained in the regular course of business and were maintained under his direct control and supervision; that these documents included the original note, deed, guaranties and a payment history of the subject loan; that the payment history established an accounting of the loan from its inception, accurately reflected the outstanding balance and evidenced the calculation of interest per the terms of the note. The payment history was attached as an exhibit to the affidavit.

There is no evidence in the record contradicting the affidavits and business records introduced by Beal Bank, which plainly show the principal debt and interest due. Accordingly, "the trial court did not err in granting summary judgment based on the evidence contained therein." (Citations omitted.) *Boyd v. Cavalry Portfolio Svcs.*, 285 Ga. App. 390, 392 (1) (646 SE2d 496) (2007). As for the claim that there is insufficient documentation to support the interest calculations, the affiant's explanation that interest was calculated per the terms of the note, as evidenced by the attached payment history, was sufficient to support the trial court's order. See *OVIP, Inc. v. Blockbuster Textiles*, 289 Ga. App. 276, 280 (3) (656 SE2d 907) (2008).

4. In two separate enumerations of error, the appellants challenge the award of attorney fees on the basis that the trial court erroneously applied Georgia law and instead should have applied Mississippi law. As discussed above in Division 2, the appellants did not provide sufficient notice of their intent to rely on foreign law. "Accordingly, the trial court did not err in applying Georgia law." *Godinger Silver Art*, supra at 390 (2).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JULY 27, 2011.

*Schreeder, Wheeler & Flint, John A. Christy, Elizabeth L. Fite*, for appellants.

*McCullough, Payne & Haan, John G. McCullough, Michael D. Payne, Gregson T. Haan*, for appellee.